CASE 112—ACTION FOR DAMAGES FOR BREACH OF COVENANT OF GENERAL WARRANTY—FEB. 28.

## Four Mile Land & Coal Co. v. Slusher.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

JUDGMENT—CONSTRUED WITH REFERENCE TO PLEADINGS.—In an action for damages for breach of a covenant of general warranty, the judgment relied on as evidence of the eviction need not be so definite and certain as to identify the land without reference to the pleadings authorizing the judgment. If the judgment may be made certain by a reference to the pleadings, it is competent evidence of the ouster.

GRUBBS & MORANCY FOR APPELLANT. (DODD & DODD AND D. B. LOGAN OF COUNSEL.)

1. Although a judgment on its face may not enable a party to ascertain the property from which the eviction was had, if data may be drawn from the pleadings and other parts of the record sufficient to overcome this uncertainty, the judgment is in no sense void, but is valid and enforceable. Black on Judgments, vol. 1, secs. 117, 123; Hall v. Martin, 89 Ky., 9; Hillman v. Hurley, 82 Ky., 631; Winn v. Henry, 8½ Ky., 48; Henderson v. Perkins, 94 Ky., 207; Alexander v. Lively, 5 T. B. Mon., 159; Simpkins v. Wells, 16 Ky. Law Rep., 113; Coffee v. Hendricks, 66 Tenn., 676; Woodward v. Nims, 130 Mass., 70; Montgomery v. Carlton, 56 Tex., 431; McClure v. Bigstaff, 18 Ky. Law Rep., 601; Coburn v. Coxster, 51 N. H., 158; Clamorgan v. B. St. L. &c., R. R. Co., 72 Mo., 141; Foss v. Crisp, 20 Pick., 121; Allen v. Bates, 6 Pick., 460; Clamorgan v. Hornesley, 94 Mo., 83;

Four Mile Land & Coal Co. v. Slusher.

Radcliff v. Shipp, Hardin, 190; Woodward v. Allan, 3 Dana, 164; Jones v. Jones, 87 Ky., 82; Elliott v. Saufley, 89 Ky., 57.

2 On the measure of damages. Rosenfield v. Goldsmith, 11 Ky. Law Rep., 662; Blackwell v. McBride, 14 Ky. Law Rep., 760; Davis v. Logan, 5 B. Mon., 341; Sedgwick on Measure of Damages (7th ed.), pp. 339, 349; 19 Am. & Eng. Ency. of Law, 1014-15; Adams v. Gardiner, 13 B. Mon., 197; Newman on Pl. & Pr., pp. 479, 480.

'3. As to the allegation of the answer that no defense in the Boreing suit was made by virtue of an agreement with P. McGuire, who in the answer it was alleged was the president of the company, the evidence is that P. McGuire was never president of the Four Mile Land & Coal Co.

4. As to the defense set out in the original answer that a suit was pending in the Clark Circuit Court, the court will observe that in the reply the averment is made that that suit has been dismissed without prejudice before the appellee's answer was filed. This reply was good. Adams v. Gardiner, 13 B. Mon., 197; Newman on Pl. & Pr., pp. 479-80.

W. S. PRYOR ALSO FOR THE APPELLANT.

HELM, BRUCE & HELM FOR APPELLEE. (A. K. COOK OF COUNSEL.)

1. A judgment should show the plaintiff who recovers, the defendant against whom the recovery is had, and the specific thing or amount of money recovered. Without these requisites it is no judgment, and no process can issue on it to enforce its satisfaction. Spence v. Simmons, 16 Ala., 828.

2. The maxim, *id certum est quod certum reddi potest*, should very rarely, if ever, be applied to judgments and decrees. A judgment or decree upon its own face should show what the court has decided. It is not competent for a judgment, in order to show what it has decided, between the parties to that cause, to refer to an unrecorded and unrecordable instrument said to be filed among the papers in another action between other parties. Honore v. Colmesnil, 1 J. J. Mar., 525; Ballard v. Davis, 1 J. J. Mar., 376; Alexander v. Wheeler, 69 Ala., 342; Bowen v. Wickersham, 124 Ind., 404.

3. The degree of certainty sufficient in a deed of conveyance, would often be insufficient in a legal process, because in the former an indefinite description may be made good by evidence *aliunde;* whereas in the latter it can not. Miller v. Miller, 16 Pick., 216; Atwood v. Alwood, 22 Pick., 287; Flagg v. Bean, 5 Foster (N. H.)—; Clark v. Gage, 18 Mich., 507; Bowen v. Wickersham, 124 Ind., 404.

4. In the present action even if it should be conceded that a judgment may refer to a paper filed in another cause, for the purpose

Four Mile Land & Coal Co. v. Slusher.

of showing what the judgment decides, yet that would avail nothing to the present appellant because no such paper has been introduced in evidence as the judgment relied on refers to.

5. Even if parol testimony were competent to show what the judgment was intended to decide, the testimony introduced in the present cause does not support appellant's contention.

SAME COUNSEL FOR THE APPELLEE IN A PETITION FOR A REHEARING.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

The appellant, the Four-Mile Land & Coal Company, sought in this action to recover a judgment against the appellee, James F. Slusher, for an alleged breach of a covenant of general warranty for eighty-five acres of land, alleged to be contained in a conveyance of real estate from appellee to one De Bard and others, and which subsequently was conveyed by De Bard, and others, to appellant. These deeds cover 602 acres of land situate in Bell county, Kentucky, and the consideration expressed in each conveyance is $18,060, or $30 per acre.

The evidence offered by appellant to prove the alleged eviction, and consequent breach of warranty, is a judgment rendered in the suit of John Brackett and others, plaintiffs, against Vincent Boreing and others, defendants, in the Bell Circuit Court, in which it was adjudged by that court that the plaintiffs were the owners, under a superior title, of eighty-five acres of the land covered by the deed of appellant. Appellee objected to the introduction of this record as evidence of eviction, on the ground that the judgment was void for uncertainty.

The court allowed the record to be introduced, but at the conclusion of the trial decided that the judgment offered in evidence as proof of eviction was void for uncertainty, and, as this was the foundation of appellant's action, dismissed the petition. A motion for a new trial

having been made and overruled, we are asked to re-
verse that judgment.

The validity of the alleged judgment of eviction is, sub-
stantially the only question in the case, as it seems to
us that appellee fails, in his proof, to establish his con-
tention that he did not defend the action of Boreing and
others against appellant because of an alleged agreement
made with one P. Meguiar, president of the company,
as the evidence shows that Meguiar was never at any
time president of the company; and this defense is based
solely upon the testimony of appellee as to what occurred
in a conversation had with Meguiar, which is expressly
contradicted by him, and it is alleged, and not denied,
that appellee was notified of the pendency of that action,
and called upon to defend his title therein.

The original petition sets out specifically, by courses
and distances, the metes and bounds of the tract of eighty-
five acres of land from which it is alleged the appellant
was evicted in the suit of Boreing and others against it;
and, on the trial in the court below, appellant not only
relied upon the alleged judgment of eviction, but in fact
the whole question of title was fully presented, both by
record and parol proof.

The record of the case of Brackett and others against
Boreing and others is filed as an exhibit in this
proceeding. That suit was instituted by John Brackett
against Boreing etc., to recover a judgment on a note
for $1,612.79. Boreing and others made their answer a cross
petition against the Four-Mile Land & Coal Company,
and alleged that the note sued on was executed as a part
of the consideration for the conveyance of the land made
by plaintiff Brackett to them, which embraced 101.75
acres of land south of the mountain, eighty-five of which

was covered by the deed of appellant from De Bard and others, and praying that their title be quieted as against the Four-Mile Land & Coal Company.

The appellant filed an answer to the cross petition of Boreing and others, and alleged that it was the owner of 602 acres of land conveyed by Slusher to De Bard and others, and by De Bard and others to them, and that it was in the actual possession thereof; that its tract of land lapped on and conflicted with the tract of land described in the cross petition of Boreing and others, and asked that a survey of both tracts be made to ascertain the extent of the conflict, asserted a superior title to Boreing and others, and asked that its title be quieted.

To this answer Boreing and others replied, asserting the older title, and averring that they only claimed eighty-five acres of the 101.75 acres of land lying south of the Cumberland Mountains. An order was thereupon entered referring the case to Surveyors Creech and Rice, and directing them to survey both tracts, and to ascertain where the boundaries claimed by the defendants Boreing and others and the Four-Mile Land & Coal Company interfered with each other.

Appellee claimed title at this point under patents to James B. Dorton (No. 4,713), for one hundred acres of land; William Moore (No. 9,757), for fifty acres; and John Patton (No. 10,701), for one hundred and one acres; and a patent to John M. Conant, which was of later date than the patent to A. L. Brackett (No. 60,616), under which Boreing and others claimed.

At the time this order of survey was entered there was pending upon the docket of the Bell Circuit Court a suit of Conant against Slusher, in which Conant sought to recover a judgment against him for $2,000, which was re-

sisted by Slusher; and in his amended answer filed in that case on the 28th of October, 1893, he says:

"That the note sued on herein is the balance of the purchase price of a tract of land containing six hundred and two acres conveyed by the plaintiff and his wife, Lydia G. Conant, to J. F. Slusher in the year 1886. That said Slusher has since then conveyed said land to Lewis De Bard and others, and that said De Bard and others have conveyed same to the Four-Mile Land & Coal Company, who is the present owner thereof. That the conveyance from the plaintiff and his wife to the defendant, Slusher, was with covenant of general warranty of title. That defendant, Slusher, in his conveyance likewise conveyed same with covenant of general warranty of title. . . . That, in an action now pending in this court wherein John Brackett is plaintiff, and V. Boreing and others are defendants, the present owner of said tract of land, the Four-Mile Land & Coal Company, is made a cross defendant in said action by said Boreing and others. That the plaintiff, Brackett, is asserting a lien upon a large portion of the identical tract of land conveyed by plaintiff in this cause and his wife, Lydia G. Conant, to defendant, Slusher, for the purchase money. . . . That the conveyance from Brackett to Boreing embraces at least eighty acres of the identical tract of land conveyed by plaintiff and his wife to defendant, Slusher. That, upon cross petition of Boreing and others against the Four-Mile Land & Coal Company, it is called upon to protect and defend its title, and set up its claims to said land. That a large portion of said interference, if not all of it, was wholly without title in plaintiff or his wife at the time they made said conveyance to defendant, Slusher; and said plaintiff and his wife have

never acquired any title thereto since then, or caused any title to be conveyed to any of his immediate or subsequent vendees. That said suit is now pending, and that order of survey of the lands has been made at the present term of the court, to ascertain the interference between the boundary described in Brackett's deed to Boreing and others, and the deed conveyed by plaintiff and his wife to defendant, Slusher. That defendant believes that Boreing and others will succeed on their cross petition, and recover a large portion of said tract of land, and that this defendant will thereby become and be rendered liable upon his covenant of warranty to the Four-Mile Land & Coal Company for so much of said land as may be recovered.

"And defendant further avers that, in event the said Boreing and others recover the boundary of land claimed by them within the boundary deeded by plaintiff and wife to defendant, the damage for which he will be liable upon his covenant of warranty to the Four-Mile Land & Coal Company will exceed the sum of money sued for in this action. . . . Wherefore defendant prays that this action be transferred to equity, and an order made therein restraining Conant, the plaintiff, from the further prosecution of this action until the issues involved in the aforesaid action of Brackett against Boreing and others be determined."

A similar order of survey to that made in the case of Brackett against Boreing, etc., was entered in this case, which was also directed to Mr. Creech.

The report of the surveyor under these orders was filed in the case of Conant against Slusher, and shows that 101.75 acres of patent No. 60,217 for two hundred acres issued to A. L. Brackett lies south of the crest of the

mountain between Four-Mile creek and Cumberland river; that 12.25 acres of this survey is lapped by the patent of James B. Dorton, dated May 4, 1842, and numbered 4,713; that 3.85 acres are covered by the Moore patent, numbered 9,757; that it did not lap on the John Patton patent, numbered 10,701, at all; and that, the Brackett patent being older than the Conant patent, it was therefore a superior title, to the difference of 85.65 acres.

Subsequently to the filing of the surveyors' report, appellee, Slusher, filed in the Conant Case a second amended answer, in which he referred to and made a part thereof, as evidence, the suits, orders, exhibits and proceedings in the case of Brackett against Boreing, etc., and asked that they be considered as a part of the evidence upon the hearing of that case; and in this amended answer he describes the tract of land in controversy between Boreing and others and the Four-Mile Land & Coal Company by metes and bounds, as containing eighty-five acres, which is the same tract of land designated by appellant as that from which it had been evicted under a judgment in the case of Brackett against Boreing.

The survey having been filed in the case of Conant against Slusher, the suit of Boreing against appellant was submitted for judgment, and, the survey in the Conant case being considered, this judgment was rendered:

"This cause having been submitted to the court for its opinion and judgment on the pleadings, exhibits and proof and agreed facts, as between Boreing and Moss and the Four-Mile Land & Coal Company, and the court being advised, adjudges that said defendant, the Four-Mile Land & Coal Company, take nothing by its answer and counterclaim and its amended answer and counterclaim, and the same is hereby dismissed; and the defendant Vin-

cent Boreing, under his deed from John Brackett, is ad-
judged the owner of the land in controversy in this cross
action, being all the land embraced in the A. L. Brackett
patent, No. 60,617, dated May 4, 1889, upon a survey dated
November 23, 1886, south of the top of the ridge between
Four-Mile creek and Cumberland river, except in so far
as said survey may interfere with the William Moore
patent, No. 9,757, or with the J. B. Dorton patent, No.
4,713, or with the John Patton patent, No. 10,701; the
lap on each of said three older patents being shown by
the plat of survey made by E. Creech; the said plat being
filed in this court in the suit of John M. Conant against
J. F. Slusher and others, lying south of Joshua's branch.
Said patent No. 60,617 is bounded as follows: Be-
ginning [here follows a description by metes and bounds
of the entire A. L. Brackett patent, including that north
of the mountain as well as that south of the mountain].
It is further adjudged that Boreing and Moss recover
of the defendant, the Four-Mile Land & Coal Company,
their costs upon this issue expended, to all of which de-
fendant, the Four-Mile Land & Coal Company, excepts."

And this is the judgment which was held by the lower
court to be too uncertain to be the basis of a recovery
for the breach of a covenant of warranty as to the eighty-
five acres of land.

"It may be conceded that a judgment must be specific
and certain, and such as the defendant may readily un-
derstand, and where it is wholly uncertain, repugnant or
contradictory, it is always erroneous, and has been held
in many cases to be absolutely void; but an obscure judg-
ment may be construed with reference to pleadings and
record, and where, upon the whole record, its sense can
be readily ascertained, the judgment will be upheld."

(See 11 Enc. Pl. & Prac., p. 493, and authorities there cited.)

In Ballard v. Davis, 1 J. J. Marsh, 377, the court said:

"Every judgment or decree should contain on its face data upon which it may be ascertained with entire certainty how much the court has adjudged or decreed in favor of either party."

But the court adds:

"We do not intend to say that this may not be done with reference to papers filed, or to records, or even to the law, general or particular. *'Id certum est quod certum reddi potest,'* is the maxim."

And in the case of Honore v. Colmesnil, and vice versa, Id. 506, the court said:

"The maxim, *'Id certum est quod certum reddi potest,'* should very rarely, if ever, be applied to judgments and decrees. A judgment or decree upon its own face should show what the court has decided. On the decree in this case no execution could issue. The clerk could not tell for what sum he should issue it, without exercising judicial power upon the examination of the papers referred to."

"A judgment, to be valid, must be certain and conclusive as to the subject-matter and the parties to the action, and must be capable of execution." (See Alexander v. Leland, 1 Idaho, 425.)

"There must be a reasonable certainty in every judgment that the defendant may be able to plead it in bar to any subsequent suit in the same cause of action." (Stirling v. Garritee, 18 Md., 468.)

And Freeman on Judgments (section 50), in speaking of the test of the sufficiency of a judgment, says:

"While a judgment must designate the party in whose
[43]

favor and the party against whom it is given, with such certainty that the proper officer may know for whom and against whose property to issue execution, it is not necessary that the names of the parties should be stated in the body of the judgment. Whenever the judgment entered is not clear and perfect on its face, it should be interpreted in the light of the pleadings and of the entire record. The judgment roll, as understood in the American practice, must be looked to, and not merely a fragment, and if, from the whole, the date and amount, the parties between and against whom the judgment is given, and the court in which it was rendered, appear, the judgment is not defective."

In the case of Alexander v. Wheeler, 69 Ala., 334, the rule is stated as follows:

"The rule of law is that every judgment of a court of justice must either be perfect in itself, or capable of being made perfect by reference to the pleadings or to the papers on file in the case, or else to other pertinent entries on the court-docket."

In Black on Judgments (page 138, section 123), the author says:

"Wherever the entry of a judgment is so obscure as not to clearly express the exact determination of the court, reference may be had to the pleadings and other proceedings; and if, with the light thus thrown upon such entry, its obscurity is dispelled, and its intended significance may be apparent, the judgment will be upheld and carried into effect in the same manner as though its meaning was made manifest by its own terms. This rule also applies to decrees in equity. The meaning and effect of a decree may, in case of doubt, be ascertained by refer-

ence to the bill and other proceedings, particularly where these are referred to in the decree itself."

And this doctrine has been repeatedly upheld and recognized by this court in passing upon deeds, patents and other conveyances. (See Hall v. Martin, 89 Ky., 9, [11 S. W., 953]; Alexander v. Lively, 5 T. B. Mon., 159; [17 Am. Dec., 50]; Simpkins v. Wells, 16 Ky. L. R., 113, [26 S. W., 587]).

In the case of Alexander v. Lively it was held that:

"The plat is a necessary part of the surveyor's report, and is therefore proper evidence in ascertaining the position of land and what is included."

It is manifest that the issues between Boreing and others against appellant, and between Conant against appellee, in so far as they had reference to the land in dispute, were identical, and the proceedings in these actions were contemporaneous and the same. The decisions of the issues in the one case necessarily settled the controversy in the other, and in the light of the exhibits, pleadings and procedure had in both cases, it appears to us that there was nothing vague, ambiguous or uncertain in the judgment rendered in the suit of Brackett against Boreing, etc.

By the entry of that judgment appellant was evicted from eighty-five acres of land covered by the deed of appellee to De Bard and others, and is entitled to maintain this action for damages for a breach of its covenant of warranty to that extent.

It is insisted for appellant that the eighty-five acres of land from which it has been evicted is the most valuable part of the tract, because of the location thereon of a vein of cannel coal, and that it is entitled to recover more than a ratable part of the original purchase price.

No queston of the measure oif damages was decided by

the lower court, and, as the proof on this point seems to be conflicting, the case will have to go back to the circuit court for a new trial as to this matter.

For reasons indicated, the judgment is reversed, and cause remanded for proceedings consistent with this opinion.

CASE 113—ACTION TO VACATE JUDGMENT.—FEB. 28.