## Davis v. Strange, Administrator.

(Decided December 12, 1913).

## Appeal from Edmonson Circuit Court.

1. Limitation—Revivor—Promise to pay.—In order for a debtor to revive a debt barred by the statute of limitations, there must be an express promise to pay, or an acknowledgment of the debt as a debt due at the time.

2. Limitation—Revivor—Promise to Pay.—In order to revive a debt barred by the statute of limitations, the acknowledgment of the debt and the promise to pay it, must be made to the creditor, or to some one authorized to act for him, and it is not sufficient if made to a stranger.

3. Assignment—Evidence.—The assignment of a claim by a person who is incompetent to testify for himself does not make him competent to testify for his assignee.

JAMES GARNETT and LOGAN & HAZELIP for appellant.

SIMS & RODES for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

In 1884 M. N. Drake recovered a judgment against E. M. Harvey, as principal, and J. W. Woosley, J. M. Massey and John R. Harvey, sureties, upon a note for $220.00. No execution issued upon the judgment, in favor of Drake.

On October 1, 1889, John R. Harvey paid $50.00 upon the judgment, and again on September 8, 1890, he paid the further sum of $40.36. In March, 1891, Massey paid $106.00 upon the judgment, and on August 14, 1891, Woosley paid the balance owing thereon, amounting to $100.50.

The note bears the following endorsements:

"$100.50 paid August 14, 1891, by T. J. Woosley."

"Credit by cash by John R. Harvey $50.00 October 1st, 1889."

"M. N. DRAKE."

"Credit by $40.36 paid by John R. Harvey this September 8th, 1890.

"T. C. McINTYRE, Att'y."

"For value received I assign the within note and judgment rendered thereto to T. J. Woosley, J. R. Harvey and J. M. Massey; August 14th, 1891.

"M. N. DRAKE."

In 1912 Woosley assigned his interest in the judgment to Davis for a consideration of $25.00, and Massey

also agreed to assign his interest in the judgment, under an agreement with Davis to be paid one-half of whatever sum might be collected, but no formal assignment was ever made by Massey.

John R. Harvey had died many years prior to 1912, and no assignment was ever made of his interest to Davis. In the meantime, E. M. Harvey, the original debtor, had been discharged in bankruptcy in 1899.

On March 27, 1912, Davis claiming to be the owner of the judgment by assignment from Woosley and Massey, caused an execution to be issued thereon from the office of the clerk of the Edmonson Circuit Court, addressed to the sheriff of Warren County, which was, on April 2, 1912, levied upon three tracts of land, containing about 82 acres, near Bowling Green, as the property of E. M. Harvey. This execution was endorsed as follows:

"This *fi fa.* is issued for the use and benefit of John D. Davis, to whom the judgment has been assigned by T. J. Woosley and J. M. Massey. This judgment having been paid by them. The judgment is subject to the following credits:

"$50.00 paid October 1, 1889; $40.36 paid September 8, 1890; and $75.00 paid about May, 1910.

"J. V. Carter, C. E. C. C."

It will be noticed this endorsement upon the execution by the clerk makes no distinction between payments made by the sureties to Drake and payments by E. M. Harvey to the sureties; and it adds an additional credit of "$75.00 paid about May, 1910." It does not show who made this last endorsement, or to whom the $75.00 or the $50.00 was paid, or by whom they were paid. It is claimed by Massey that the $75.00 was paid to him by E. M. Harvey.

On April 30, 1912, E. M. Harvey brought this action against Davis, Drake and McNeal the sheriff of Warren County, claiming that the debt against him by reason of the judgment above referred to, was barred by the statute of limitations; alleging that the credit for $75.00 claimed to have been paid by him in May, 1910, as shown by the above endorsement of the clerk upon the execution, was a false credit; that he never paid such sum or any sum at that time, or at any time within the last twenty years, and asking that the sheriff be enjoined from selling his land levied on for the purpose of paying said debt. E. M. Harvey further filed and relied upon his discharge in bankruptcy.

The answer contains a traverse of the allegations of the petition, and further alleges that about May, 1910, plaintiff, E. M. Harvey, willingly and voluntarily paid the sum of $75,00 on the judgment, which was duly credited thereon, and that after the said original judgment and debt were barred by the statute of limitations, said Harvey repeatedly and unconditionally promised to pay said judgment in full.

The plaintiff, E. M. Harvey, died before the trial, and the action was revived in the name of Strange, his administrator.

The case turned upon whether E. M. Harvey had made a new promise by which he had voluntarily agreed, after the debt had been barred by limitation, to pay the same. The circuit court adjudged the debt and judgment were barred by the statute of limitations, and that there was no competent evidence of any new promise having been made by Harvey; whereupon the petition was dismissed, and Davis appealed.

No payment was ever made to Woosley; no new promise was ever made to him, and no execution ever issued upon the judgment in his favor. Without doubt, therefore, the claim of Woosley was barred by limitation, when he assigned his interest in the judgment to Davis on March 22, 1912. Woosley produced the note, with the endorsements thereon as above shown.

Massey testified, over the plaintiff's objection, as follows:

"Q. In May, 1910, or thereabouts, did E. M. Harvey pay any sum to you on this note and judgment, if so, how much? (Objected to by plaintiff.) A. Away back yonder he paid me $30.00, and about three years ago he paid me $75.00.

"Q. About how long ago has it been since he paid you the $30.00? A. The best of my recollection it has been 22 or 23 years.

"Q. Did Harvey make any promise at the time he paid you the $75.00 to pay the balance of the judgment? (Objected to by plaintiff.) A. Yes, sir; he said that he had been down in Florida, and had been sick; said that he had an interest in some land down on Barren River—he and Bill Lewis—and he said, 'Massey, as soon as I dispose of that I will finish paying for it.' "

W. H. Houchin testified as follows:

"Q. Did E. M. Harvey have a conversation with you at any time in the last three or four years about paying J. M. Massey any money. If you state he did,

tell as near as you can what he said? A. He did; he said that he had paid J. M. Massey $75.00, and he further said that he was going to pay all of his old debts.''

T. C. Ferguson testified as follows:

''Q. Did you have a conversation with E. M. Harvew before he brought the suit, about some money he had paid J. M. Massey, if so, state what he said? A. Yes. He said he sent for J. M. Massey and made him a present of a check for $75.00. He also said that Massey had paid some security money for him.''

This is all the testimony upon the subject of the payment of the $75.00 in 1910 by E. M. Harvey, and his alleged new promise.

In the early leading case of Bell v. Rowland's Admr., Hardin, 311, we laid down the rule defining the character of a new promise that is necessary to bind the debtor, as follows:

''Upon the whole, we are of opinion that the only safe rule that can be adopted, capable of any reasonable degree of certainty is, that in order to take the case out of the statute of limitations, an express acknowledgment of the debt, as a debt due at that time (coupled with the original consideration), or an express promise to pay it, must be proven to have been made, within the time prescribed by the statute. And we are of opinion that the acknowledgment of David Rowland, deceased, proved upon the trial, as stated in the bill of exceptions, were not such express acknowledgments, or promise, as could, by law, take the case out of the operation of the statute.

''The utmost extent of his acknowledgment was: 'That he had once owed the plaintiff, but he supposed his brother had paid it in Virginia (the place where the original transaction took place, in the year 1785); and if his brother had not paid it, he owed it yet.' This was far from an acknowledgment of a debt due, or subsisting at that time, when he insisted the debt had been paid by his brother.''

In Harrison v. Handley, 1 Bibb., 445, the court, after a careful examination of the question, re-announced the will as follows:

''Mere loose expressions, or vague acknowledgments, will not suffice; the acknowledgment from which the law is to raise a promise, contrary to the provisions of the statute, must be clear and express, where the mind is brought directly to the point—debt or no debt at the present time, not whether the debt was once an existing

'demand. That the law will argumentatively make it a debt *in presenti,* if the party does not in his acknowledgment say it is not, or prove payment, is a proposition that cannot be granted in opposition to the provisions of the statute.''

The rule thus laid down has been consistently followed, by this court, to the present time. See Marcum's Admr. v. Terry, 146 Ky., 148, and the cases there cited.

Furthermore, in order for an acknowledgment to take a case out of the statute it must be made to the creditor, or to some one authorized to act for him; it is not enough if it be made to a stranger. Truesdale v. Anderson, 9 Bush, 276; Hargis v. Sewell, 87 Ky., 63; Dowell v. Dowell's Admr., 137 Ky., 167; Dorsey v. Gunkle, 18 S. Dak., 454, and the note thereto in 5 Ann. Cases., 811.

Under this rule the statements made by Harvey to Houchin and to Ferguson, who were not parties to the transaction, does not satisfy the rule, and they must, therefore, be excluded.

Furthermore, the only testimony of the payment and the new promise which comes within the rule that the new promise must be made to the creditor, is the testimony of Massey; but, clearly, his testimony is incompetent under section 606 of the Civil Code, which provides that no person shall testify for himself concerning any verbal statement of, or any transaction with one who is dead when the testimony is given, and sub-section 7 thereof, which reads as follows:

''The assignment of a claim by a person who is incompetent to testify for himself shall not make him competent to testify for another.''

E. M. Harvey being dead, Massey could not testify against him under the general rule; and under sub-section 7, above quoted, he could not testify for Davis, his assignee. Alexander's Exor. v. Alford, 89 Ky., 105.

The circuit court should have sustained the objection to Massey's testimony; and, that being excluded, there was no competent testimony showing either the payment of the $75.00 in May, 1910, or a new promise to the creditor.

Having reached the conclusion that there was no new promise upon the part of E. M. Harvey, it is unnecessary to consider the question whether a judgment comes within the rule by which a new promise suspends the operation of the statute of limitations and continues

the cause of action. That question is considered in Olson v. Dahl, 99 Minn., 433, 9 Ann. Cases, 252, 8 L. R. A., (N. S.), 444, with note; 25 Cyc., 1327; and Spilde v. Johnson, 132 Iowa, 484, 8 L. R. A. (N. S.), 439.

Judgment affirmed.