## Wilkes v. Kitchen, et al.

(Decided February 27, 1920.)

## Appeal from Lawrence Circuit Court.

1. Appeal and Error—Pleading—Answer—Amendment—Abuse of Discretion.—It was an abuse of discretion to set aside the submission and permit to be filed an amended answer which did not conform to the proof, and which changed substantially the defense.

2. Payment—Application of—Secured and Unsecured Claims.—A creditor holding secured and unsecured claims may apply an undirected payment to an unsecured claim.

FRED M. VINSON, M. S. BURNS and W. D. O'NEAL for appellant.

JOHN M. WAUGH for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On February 17, 1911, Albert Wilkes executed and delivered to H. N. Fischer his promissory note for $1,000.00, payable four years from date and secured by a mortgage on certain land in Lawrence county. The note was then endorsed to the firm of Kitchen & Fischer

On February 24, 1911, Wilkes entered into a contract with Kitchen & Fischer, by which they agreed to buy at certain prices all the white oak and chestnut oak ties, which Wilkes delivered to them at Webbville.

On May 27, 1914, Kitchen & Fischer entered into another contract with Wilkes, by which they agreed to pay certain prices for certain kinds of staves to be delivered and inspected on the yard at Webbville, Ky.

Admitting certain credits, Kitchen & Fischer brought suit to enforce their mortgage lien. Wilkes pleaded that he had paid the note by the delivery of ties and staves. The allegations of the answer were denied by reply. After proof had been taken and the case had been submitted, defendant tendered an amended answer, pleading in substance that at the time of the execution of the contract for the purchase of staves, there were interlined in the contract, the words "on the mill yard" (which was at defendant's farm), and that, by fraud of plaintiffs, these words were erased. He further alleged that the staves were sawed and placed on the mill yard and plaintiffs were notified to inspect them, but they failed to do so; that the staves were destroyed by fire, and that they would not have been lost had it not been for plaintiffs' failure to inspect the staves. Over the objection of plaintiffs, the court ordered that the submission be set aside, and permitted defendant to file the amended answer upon the condition that it should not delay the trial of the case. The case was again submitted and judgment rendered in favor of the plaintiffs for the sum of $1,000.00 with interest from date, subject to a credit of $481.86. It was further adjudged that to secure this sum plaintiffs were entitled to a lien on the land covered by the mortgage, and the land was ordered sold. Defendant appeals.

The contract itself, as well as the testimony of plaintiffs' witnesses, shows that the staves were to be delivered and inspected at Webbville and not on the mill yard at defendant's farm. Defendant testified that when

the contract was being drawn, Kitchen interlined the words, "the mill yard," and contends that these words were subsequently erased. The contract is before us and does not bear evidence of any such erasure.

However, defendant contends that, as the allegations of the amended answer were not denied, they should be taken as confessed. Without determining that the amended answer presents any defense, we think that the court should not have permitted it to be filed. While the court has a broad discretion in allowing amended pleadings, that discretion is subject to the limitation that the pleadings must be in furtherance of justice, and must not change substantially the claim or defense. Section 134, Civil Code. The amended answer was tendered after the proof had been taken and the cause submitted for the purpose of conforming the pleadings to the proof. Not only did it fail to conform to the proof because there was no evidence that any interlineation in the contract was erased, but it changed substantially the defense interposed by the original answer. Under the circumstances, it was an abuse of discretion to permit it be filed.

Another contention of the defendant is that none of the purchase price of the ties should have been credited on defendant's account for groceries. The contract did not provide that the purchase price should be credited on the note nor did defendant direct that this be done. Since it is the rule that a creditor receiving payments from his debtor, without any direction as to their application, may appropriate them to any legal debt which he holds against his debtor, a creditor holding secured and unsecured claims may apply an undirected payment to an unsecured claim. 21 R. C. L., p. 96; Cain v. Vogt, 138 Iowa 631, 116 N. W. 786, 128 A. S. R. 216.

On the whole we conclude that defendant was allowed all the credits to which he was justly entitled, and that the judgment was proper.

Judgment affirmed.