## Allison, et al. v. Sparks, et al.

(Decided October 30, 1923.)

### Appeal from Logan Circuit Court.

1. Mortgages—Enforceability of Original Contract—Immaterial After Execution.—Whether or not the original contract was enforceable is wholly immaterial in a suit on a mortgage executed for the purpose of carrying out that contract, where the original contract was fully executed by the parties.

2. Payment—Application of Payments in Case of Secured and Unsecured Notes.—A creditor holding secured and unsecured notes may apply an undirected payment on an unsecured claim.

3. Husband and Wife—Wife as Surety Held Liable on Secured Notes.—Assuming that a wife was only surety of her husband on notes, only part of which were secured by a mortgage, a defense that her property was not liable for his debts, unless set apart by a deed or mortgage as required by Ky. Stats., section 2127, was without merit, where the unsecured notes had been paid and the suit was on the mortgage.

OSCAR M. SMITH for appellants.

COLEMAN TAYLOR for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

This suit was brought by A. M. Starks against Catherine Allison and her husband, James Allison, to enforce a mortgage lien on a house and lot owned by Catherine Allison. During the progress of the action A. M. Starks died, and the case thereafter proceeded in the name of his administrator. From a judgment enforcing the lien the mortgagees appeal.

The facts are these: On May 23, 1911, Starks entered into a written contract with appellants by which he sold them a certain stock of goods, for which they were to pay fifty cents on the dollar of the retail price of the goods as invoiced by Starks, and by which Starks obligated himself to turn the goods over to appellants as early as he could conveniently do so. Thereafter the goods were invoiced at $1,130.00, thus making the purchase price $565.00. In payment thereof appellants executed eight promissory notes, four for the sum of $75.00 each, payable in 6, 12, 18 and 24 months, and secured by a mortgage on a house and lot owned by Catherine Allison, and four unsecured notes, three for $75.00 each and one for $40.00. Thereupon appellants took possession of and

placed the stock of goods in a store in Russellville. During the greater portion of the time Catherine Allison ran the store, while her husband worked at the ice plant. From time to time certain payments were made, which were applied on and liquidated the unsecured notes. Two other payments were made on one of the lien notes.

During the progress of the action appellants, and particularly Catherine Allison, interposed several defenses, none of which appears to be meritorious.

It is first insisted that the original contract of sale was not enforceable because it obligated Starks to do a thing at a future time not fixed by the contract, and for a consideration that was indefinite and uncertain. Whether or not the original contract was enforceable is wholly immaterial. It was fully executed by the parties, and this is not suit on the contract, but a suit on a mortgage executed for the purpose of carrying out that contract.

The record does not sustain the claim that Starks and James Allison were to be partners in the stock of goods, and that the mortgage was executed by Catherine Allison to indemnify Starks against any loss that might occur. On the contrary, it is clear from the contract, as well as from all the evidence, that the sale was made to Catherine Allison and her husband jointly, and that she was a principal in the note executed for the purchase price, and not a mere surety of her husband.

Another insistence is that Starks was guilty of fraud in inducing Catherine Allison to believe that she was only incurring a liability of $300.00, and that for the purpose of perpetrating this fraud he represented that there were eight notes for $75.00 each, and that they aggregated $300.00. The evidence in support of this contention is very vague and nebulous, and when considered in the light of the fact that Catherine Allison had been a school teacher, and knew how to read and write and perform ordinary calculations, it falls far short of substantiating the claim of fraud.

Appellants interposed the further defense that Starks improperly applied on the unsecured notes the numerous payments which they had made. It has long been the rule in this state that a creditor holding secured and unsecured claims may apply an undirected payment on an unsecured claim (Wilkes v. Kitchen, 187 Ky. 211, 218 S. W. 718), and the record discloses no convincing evidence that either before, or at the time of the respective pay-

ments, appellants directed that they be applied on the notes secured by the mortgage.

There was a further claim by appellants that Catherine Allison was a mere surety of her husband and that her property was not liable for his debts unless set apart by a deed or mortgage as required by section 2127, Kentucky Statutes. In the first place, as before stated, she was not a surety but a principal in the entire transaction, but even if the fact were otherwise, it is not perceived how it could affect her liability, as the suit is on the mortgage and not on the unsecured notes.

Judgment affirmed.