# City of Olive Hill et al. v. Gearhart et al.

Dec. 12, 1941.

54

Woods & Woods for appellant.

Browning, Ziegler & Cochran for intervenors Dunbar et al.

W. Hubert Counts and Thomas D. Theobald, Jr., for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

The appellee, D. V. Gearhart, is the owner of a lot on Main Street in the city of Olive Hill, a fourth class municipality. In 1926, the City, by proper ordinances, authorized the improvement of the street, and in January, 1927, assessed Gearhart's property $868.29 representing its proportionate part of the cost. He accepted the ten year payment plan provided for in Section 3575, Kentucky Statutes, and thereby became obligated to pay the principal amount in ten annual instalments of $86.83 each, beginning July 1, 1927, and the interest, 6% per annum from February 19, 1927, in twenty-four semi-annual instalments. On July 16, 1927, he paid $86.83, principal, and $26.04, interest. In 1932, his wife was City Treasurer, and during that year he made three payments of $50 each, which he entered on the City's books as payments on principal. With the exception of $23.45, which he paid on an undisclosed date and which was entered on the books as interest, he made no further payments, and on April 24, 1936, the City instituted suit to foreclose the lien. An answer was filed pleading that the cause of action was barred by limitation; and after this plea had been traversed by the City an agreed order was entered in this and other pending actions to enforce the payment of delinquent assessments appointing an auditor to examine the records and report, among other things, the amount unpaid on each instalment of the assessments ''that became due and payable not more than five years before the filing of the suits.'' The order also provided that the report of the auditor should be used

as evidence; that each party reserved the right to file exceptions to the report, and "after final orders on same, said auditor's report shall be accepted as a basis for judgment by the Court."

So far as it related to the assessment against Gearhart, the auditor's report was as follows:

"D. V. Gearhart, et al.     Suit No. 3083          April 24, 1936.
Paving Main Street-North Side
Contract No. 1 February 19, 1927—Original Assessment     $868.29

Record of Payments

| Date | On Principal | On Interest |
|---|---|---|
| July 16, 1927 | 86.83 | 26.04 |
| No Date Recorded | | 23.45 |
| August 15, 1932 | 50.00 | |
| September 15, 1932 | 50.00 | |
| November 15, 1932 | 50.00 | |

Above as per Street Paving Records:

Accounts should be as follows:

| | Amount | Credit | |
|---|---|---|---|
| Interest 2/19/27 to 7/16/27 on 868.29.. | 21.13 | 26.04 | 4.91 Cr. |
| "     7/ 1/28 to 1/ 1/28 " 781.46.. | 23.44 | 23.45 | .01 |
| "     1/ 1/28 to 12/1/39 " 781.46.. | 558.74 | 150.00 | 408.74 |
| | 603.31 | 199.49 | 403.82 |

Recapitulation:

| | |
|---|---|
| Principal Due 9 Installments at 86.83...Each | 781.46 |
| Penalty 10% | 78.15 |
| Interest | 403.82 |
| | 1,263.43" |

Apparently the report was filed on December 1, 1939, and on December 9th, without any exceptions having been filed the action was submitted for judgment. On December 29th, in vacation without notice to the defendant, a judgment was entered adjudging that Gearhart was indebted on account of said assessment in the sum of $1,263.43 with interest from December 1, 1939, and directing that the property be sold by the Commissioner in satisfaction of the lien. Pursuant to this judgment the property was sold by the Commissioner and bid in by Gearhart for $4,200. He was required to execute a sale bond for $1,399.25, representing the lien indebtedness plus the costs. However, on the morning of the day of the sale Gearhart had filed suit to vacate the judgment on the ground that it was entered during vacation and without notice to him. The Court consolidated the two actions, treated the latter as a motion to set aside

the judgment, and thereafter, sustained the motion, set aside the judgment and sale, and referred the case to the Commissioner. Following a report by that official that six of the annual instalments were not barred by limitation, the Court entered a judgment adjudging the City a lien for $870.05 composed of $520.98, principal, $296.97, Interest from January 21, 1931, and $52.10, penalty, and directed a sale of the property. From that judgment the City has appealed; and contending that the 1932 payments should have been applied to the extinguishment of the 1932 and 1933 instalments, the appellee has prayed a cross-appeal.

The only proof heard by the Commissioner was the testimony of Gearhart who stated that while he did not know the date of the $23.45 payment, he had made the other payments shown in the auditor's report on the dates given, and had specifically directed that the three $50 payments made by him in 1932 be applied in the extinguishment of the 1932 instalment and in part payment of the 1933 instalment. He himself made the entries on his wife's books but took no receipts. However, two of the payments were evidenced by checks drawn by his wife to "City Treasurer." It is not necessary to discuss his testimony, or the inferences that might be drawn therefrom, since it may be conceded for the purposes of this case that he directed the application of the payments in the manner described by him.

It is urged by the City and the appellant bondholders who intervened in the action that Gearhart was estopped by his purchase at the Commissioner's sale and by his execution of the purchase money bond, from questioning the amount so adjudged; that he is precluded from contesting the correctness of the auditor's report as to the number of instalments and total amount due because he failed to file exceptions thereto; that he acknowledged the indebtedness and thus tolled the Statute by offering to settle the City's claim; and finally, that the payments made in 1932 should have been applied to the payment of the accrued interest, irrespective of any direction given by Gearhart. In other words, that the auditor was correct in his finding.

The first of these contentions may be dismissed with the statement that the judgment rendered on the auditor's report was void because it was entered in vacation without notice (Green v. Blankenship et al., 263 Ky. 29,

91 S. W. (2d) 996), from which it follows that all proceedings thereunder, including appellee's bid and purchase money bond, were likewise void. The second contention is without merit because it was not shown that Gearhart in attempting to effect a settlement unequivocally acknowledged the debt, or that the person with whom he offered to settle was authorized to act for the City. Davis v. Strange, 156 Ky. 420, 161 S. W. 217. The third contention would be well grounded under the thoroughly established rule that exceptions must be filed to the report of a commissioner, referee, or master to prevent his finding from becoming binding (Amick v. First National Bank of Pikeville, 287 Ky. 635, 154 S. W. (2d) 716), were it not questionable under the language of the order appointing him whether the auditor was authorized to report how the payments made by the property owners should be applied.

We have thus rather abruptly disposed of all of the City's contentions other than what we have designated its final contention, namely, that the 1932 payments should have been credited on the interest accrued, irrespective of the intention or direction of Gearhart, and that when so applied, none of the instalments is barred; and this contention we find meritorious for the following reasons:

The right of a debtor to direct how payments made by him shall be applied exists only where the payment is voluntarily made. It is not conferred by Statute, and is not absolute in the sense that it may be exercised in derogation of rights created by Statute. Necessarily it pre-supposes the relationship of debtor and creditor. If the relationship of debtor and creditor at any time existed between Gearhart and the City, it arose out of his acceptance of the ten year plan of payment, since an assessment of one's property by a municipality for street improvements does not create a personal liability. The assessment is in the nature of a tax, and had Gearhart not accepted the ten year payment plan, the City would have had the right to enforce the lien at the expiration of thirty days from the date of the assessment. Section 3577, Kentucky Statutes provides that where the ten year payment plan has been adopted, the City may issue bonds in order to raise funds for the payment of the cost of the improvement, ''pledging such taxes and the liens on the property for the payment of the principal and in-

terest of such bonds." Section 3575 stipulates that any property owner who accepts the ten year plan "shall be concluded thereby, and shall not be permitted to set up any defense whatever against the payment of such taxes." While we have held that this provision does not preclude the property owner who has accepted the ten year payment plan from pleading the five year Statute of Limitation in bar of any instalment which became due more than five years and thirty days prior to the institution of suit to enforce the lien (City of Middlesboro v. Terrell et ux., 259 Ky. 47, 81 S. W. (2d) 865), we are unwilling to hold that such property owner may, as in the case of a purely voluntary payment, so direct the application of payments made by him prior to the completion of the bar as to enable him thereafter to plead the Statute. The distinction between the right to plead the Statute in a proper case and the right to direct the application of payments so as to render the plea thereunder available, is obvious. The one is conferred by Statute; the other, merely a right adopted by the common law from the civil law which should not be permitted to prevent the fulfillment of a statutory plan, implicit in which is the requirement of successive payments of principal and interest for the retirement of bonds sold to the public by a municipality.

Subsection 3 of Kentucky Statute 2219 provides:

"Partial payment of a debt bearing interest shall be first applied to the extinguishment of the interest then due."

In the case of Commonwealth v. Louisville & Nashville Railroad Co., 104 S. W. 267, 31 Ky. Law Rep. 819, it was held that the Statute was merely declaratory of the common law rule. Ordinarily, the Statute does not apply where the debtor has the right to direct the application of the payments and exercises that right. It governs the case at bar because Gearhart did not possess the right to direct the payments made by him in 1932 to the extinguishment of the 1932 and 1933 instalments. It follows that the finding of the auditor was correct, and that judgment should have been rendered in accordance therewith.

Judgment reversed on the original appeal and affirmed on the cross appeal.