**MARCUM et al. v. MOORE.**

Court of Appeals of Kentucky.

Dec. 4, 1953.

W. L. Kash, Kelly Kash, Irvine, for appellants.

A. H. Patton, Jackson, for appellee.

SIMS, Chief Justice.

This equitable action was filed by Samp Moore against Abrelia Marcum and others to set aside as void a judgment the defendants in this action had obtained against him in a former suit wherein they recovered of Moore a certain tract of land. The chancellor set aside the first judgment and this appeal followed.

The General Assembly in 1948 created the thirty-ninth judicial district composed of the counties of Breathitt, Wolfe and Powell. Acts of 1948, Chapter 212, page 501. This Act became effective June 17, 1948. See editor's note to KRS 23.050(39), 1948 edition. Hon. W. R. Prater, at the time this new 39th district was created, was judge of the 36th district which included Breathitt County. On the ninth day of the regular June 1948 term of the Breathitt Circuit Court, which was June 16, Judge Prater entered judgment in the suit of Abrelia Marcum et al. v. Samp Moore, reciting the plaintiffs "are the owners and entitled to the possession of the tract of land set out in the petition and known as the Alfred Marcum 174 acre patent which is particularly described by metes and bounds as follows: (Here the Clerk will please copy the boundary of the patent from the description set out in the plaintiffs' petition);

* * *." Evidently after this judgment was entered the order book was not then signed by Judge Prater, as the copy of this judgment appearing in the record before us shows at its end:

"This December 4, 1948,
Ervine Turner, Judge
Walter Prater, Judge
Breathitt Circuit Court."

For some reason not shown in the record a supplemental judgment was entered during vacation on August 24, 1948, which contained a description by calls and distances of the land involved, which description appears in lieu of the words "(Here the Clerk will please copy the boundary of the patent from the description set out in plaintiffs' petition)." The copy of this supplemental judgment appearing in the record was likewise signed December 4, 1948, by both Judge Turner and Judge Prater, the former having succeeded Judge Prater as Judge of the Breathitt Circuit Court.

The petition in the instant case seeking to set aside the supplemental judgment avers that on August 24, 1948, when Judge Prater attempted in vacation to enter the supplemental judgment without notice to Moore, he was not then Judge of the Breathitt Circuit Court, and it avers the supplemental judgment is void because it was entered during vacation without notice to Moore and because the Hon. Walter Prater was not then Judge of the Breathitt Circuit Court and was without authority to enter same. We readily agree with Mr. Moore that the supplemental judgment entered during vacation without notice to him was void. City of Olive Hill v. Gearhart, 289 Ky. 53, 157 S.W.2d 481; Green v. Blankenship, 263 Ky. 29, 91 S.W.2d 996. However, the original judgment entered June 16, 1948, still remained in full force and effect.

There was no reason to enter the supplemental judgment since the original judgment was valid. The fact that the original judgment did not contain a description of the land it decreed belonged to Abrelia Marcum and others, except by reference, did not invalidate it. A description of property in a judgment by reference to the pleadings is sufficient, unless such reference introduces a new element of uncertainty, or the description referred to is itself insufficient. 49 C.J.S., Judgments, § 80, page 203; Four Mile Land & Coal Co. v. Slusher, 107 Ky. 664, 55 S.W. 555, 21 Ky.Law Rep. 1427; Oglesby v. Prudential Ins. Co., 259 Ky. 620, 82 S.W. 2d 824; Latham v. Lindsay, 130 Ky. 669, 113 S.W. 878. While it is a lazy and sloppy practice to incorporate a description of land in a judgment by reference to the petition or other pleadings, nevertheless such a description is good as is shown by the above authorities.

The order book where the original judgment was entered during the regular 1948 June term appears not to have been signed until December 4, 1948, when both Judge Turner and Judge Prater signed it. True, at that time Judge Prater was no longer judge of the Breathitt Circuit Court, but his successor, Judge Turner, was authorized to sign any order left unsigned by Judge Prater when the district was changed and he ceased to be judge of the Breathitt Circuit Court. KRS 23.190; Farris v. Matthews, 149 Ky. 455, 149 S.W. 896; Lee v. Lee, 226 Ky. 776, 11 S.W.2d 956; Gorman v. Lusk, 280 Ky. 692, 134 S.W.2d 598. Judge Prater signing the order book with Judge Turner on December 4, 1948, neither added to nor detracted from the validity of the judgment. His signature on the order book after he ceased to be judge of the Breathitt Circuit Court meant nothing and was merely surplusage.

The judgment is reversed with direction to enter one dismissing the petition since the original judgment entered in the first suit was and is regular and valid.