Louis R. STRAUB, Jerome D. Warner, Thomas J. Zumbiel, Sr., Appellants,

v.

CHEMICAL BANK, American National Investments, Inc., Old Hickory Properties, Inc., State Bank of Clearing, Federal Deposit Insurance Corp., William F. Burbank, Ky–Inna Turf and Supply Co., Inc., All Carts, Inc., Theodore Carney, Lillie F. Webb, Pohl Construction Company, Spindletop Draperies, Appellees.

Jerome D. WARNER, Thomas J. Zumbiel, Sr., Louis R. Straub, Appellants,

v.

CHEMICAL BANK, Appellee.

Court of Appeals of Kentucky.

Nov. 7, 1980.

William F. Burbank, Dennis R. Carrithers, Louisville, for appellant, Louis R. Straub.

Gary L. Gardner, Gary L. Gardner & Associates, Louisville, for appellants, Jerome D. Warner and Thomas J. Zumbiel, Sr.

Richard W. Iler, Kenneth S. Matheis, Tarrant, Combs & Bullitt, Louisville, for appellee, Chemical Bank.

Gary Gardner, Louisville, for appellee, American National Investments, Inc.

William F. Burbank, Louisville, for appellee, Old Hickory Properties, Inc.

J. Larry Cashen, Louisville, for appellees, State Bank of Clearing and Federal Deposit Ins. Corp.

Rocco J. Celebrezze, Louisville, for appellee, KY–INNA Turf and Supply Co., Inc.

All Carts, Inc. pro se.

Theodore Carney pro se.

Rufus Lisle, Lexington, for appellee, Lillie F. Webb.

Ralph M. Allen, Louisville, for appellee, Pohl Const. Co.

Spindletop Draperies pro se.

Before WHITE, HOGGE and VANCE, JJ.

WHITE, Judge.

This appeal is taken from an Order of the Jefferson Circuit Court by which a deficiency and a judgment were established against appellants–guarantors.

In 1972 American National Investments executed to Chemical Bank a mortgage note of $512,000 for which eleven payments of $10,000 principal (plus applicable interest) were due quarterly prior to a final lump–sum payment of the balance. Appellants Warner, Zumbiel, and Straub entered into an agreement by which they guaranteed all monies due and payable under the mortgage during 1973.

In 1974 in the face of foreclosure the property was transferred to Old Hickory Properties. At that time an Extension Agreement for payment was reached between Chemical Bank and Old Hickory, and appellants signed a ratification of their original guarantee of the 1973 payments of which $20,000 principal remained outstanding.

As further assurance of repayment, Chemical secured a $100,000 Letter of Credit drawn by Old Hickory on the State Bank of Clearing in Chicago. In 1975 $21,169.96 was paid against this letter prior to State Bank's going into receivership. No payments of any amount were made by Old Hickory, and in 1976 following demands against that corporation and against the three guarantors, Chemical Bank initiated action foreclosing the mortgage and seeking recovery against the note and ratification guarantee.

Judgment was entered against American National and Old Hickory for $492,800 and applicable interest, and an Order of Sale was issued. The sale brought $430,000, leaving a deficiency of $203,760.54 (principal, interest, and costs).

 Appellants assert on appeal that their liability under the renewed guarantee was satisfied either by the proceeds of the foreclosure sale or by the combined total received under the Letter of Credit ($21,-169.96) and from the bankruptcy distribu-

tion of Old Hickory ($14,727.44). It is argued that "[i]t is not the law to permit the creditor the liberty of applying payments wherever it can to maximize its own advantage." Appellants are incorrect in that assessment, for such is precisely the law as applied to this particular situation.

 . . . [I]t is the rule that a creditor receiving payments from his debtor, without any direction as to their application, may appropriate them to any legal debt which he holds against his debtor, a creditor holding secured and unsecured claims may apply an undirected payment in an unsecured claim. *Wilkes v. Kitchen*, 187 Ky. 211, 218 S.W. 718, 719 (1920).

Acknowledging the legitimacy of this rule, appellants contend that the instant case is without this rule as direction as to application had been given. Cited as authority for this assertion is a letter written in 1975, at the time of the ratification, by appellee's counsel. It is alleged that that "letter agrees to the *direction* by Appellants that the first monies received after the Extension Agreement dated December 18, 1974 would be applied to the outstanding 1973 payment balance of $20,000."

In pertinent part that letter states:

 . . . the only liability of the guarantors of that Note . . . is the $20,000 representing the two $10,000 principal payments which were not paid in 1973.

As you are aware, Old Hickory Properties, Inc., an Illinois corporation, has assumed and agreed to pay that Note, the payment dates of which have been by agreement extended so that the first payment of principal thereon will be due and payable on June 1, 1975. I am advised by Chemical Bank that the *first payments of principal received under the Extension Agreement* will go to reduce the payments guaranteed by said guarantors. (Emphasis added.)

Such wording, it is argued, nullified any discretion Chemical Bank might have had regarding application of the monies received from the sale of the property, the Letter of Credit, or the bankruptcy proceeding.

■ We cannot agree that the monies gleaned from these alternative means served to discharge the guarantors' obligation. First, neither the proceeds of the letter of credit nor of the bankruptcy was applied to *principal*; rather each served to reduce the outstanding *interest* on the note. Such is in accord with KRS 360.020(2): "Partial payment on a debt bearing interest shall be first applied to the interest then due."

■ Secondly, we are unable to equate the return from a court–ordered sale with "payments of principal received under the Extension Agreement." The former is an involuntary course of action over which a debtor has no right of direction. "The right of a debtor to direct how payments made by him shall be applied exists only where the payment is voluntarily made." *City of Olive Hill v. Gearhart*, 289 Ky. 53, 157 S.W.2d 481, 484 (1942).

The foreclosure sum can be labeled neither as a voluntary payment nor as one received under the terms of the Extension Agreement. Thus, any right of direction which the 1975 letter may have imparted does not attach to the recovery by forced sale.

■ Accordingly, Chemical Bank was clearly within its rights by applying that money obtained through the sale, the Letter of Credit, and the bankruptcy distribution to the unsecured portion of the debt, leaving the obligation of the three guarantors for the outstanding 1973 payments due and owing. " . . . where a creditor has part of his debt secured and part unsecured, the law does not apply the payment to the older items of the account, but will apply it to the unsecured debt." *Bank of New Roads v. Kentucky Refining Co.*, 27 K.L.R. 645, 85 S.W. 1103, 1104 (1905).

The judgment is affirmed.

All concur.