CASE 80.—ACTION BY NELLIE E. LINDSAY AGAINST G. N. T. LATHAM TO RECOVER LAND.—November 25.

# Latnam v. Lindsay

Appeal from Todd Circuit Court.

W. P. Sandidge, Circuit Judge.

Judgment for plaintiff. Defendant appeals.—Affirmed.

1. Record—Questions Presented—Instructions.—Where the court struck from the record the part of it which purported to contain the instructions, errors in the instructions could not be considered.

2. Ejectment — Actions—Petition — Description of· Property.— A petition in ejectment describing the land as "beginning at a stake near a branch, B.'s corner and running thence N. 19½ E. along the old W. line about 140 poles to a small hickory on the hill side, W.'s old corner, thence S. 24 degrees E. 14 •poles; thence S. 19½ degrees W. 140 poles; thence N. 81 degrees W. 14 poles to the beginning," sufficiently describes the land to enable the parties to form an issue as to its ownership, and to permit the jury to understand the controversy, and to authorize the court to pronounce judgment on the verdict.

3. Verdict—Conclusiveness.—A verdict ·on conflicting evidence will not be disturbed on appeal.

4. Judgment—Form—Sufficiency.—The judgment in actions involving or for the recovery of real estate should so describe the land that it may be identified by the parties or officer executing the judgment, or by persons interested, without reference to any other paper or record.

5. Same.—Where an insufficient description in a judgment in an action involving or for the recovery of real estate may be perfected by a reference to the pleadings and no injustice results, the judgment though erroneous, is not void, but may be corrected by the court rendering it, on motion of either party or any person interested.

6. Same.—Where, in· an action for the recovery of land, the petition sufficiently described the land and the jury found

for plaintiff for the land in controversy, the error in the judgment merely reciting that plaintiff was the owner and entitled to the land in controversy was in the nature of a clerical misprision, which could be corrected by the record.

7  Disposition of the Case on Appeal—Remand for Correction of Judgment.—Where a judgment in an action for the recovery of land erroneous for failing to describe the land may be corrected by the record, the court on appeal will affirm it with direction to the trial court to properly describe the land in the judgment.

PETREE & STANDARD for appellant.

POINTS AND AUTHORITIES CITED.

1. Statement of facts and review of testimony, showing that the verdict is not sustained by the evidence.

2. The judgment is void or erroneous, because it adjudicates nothing and is too uncertain and vague.   (Foreman v. Redman, 9 Ky. Law Rep., 531; Mary Neff v. Covington Stone & Sand Co., 22 Ky. Law Rep., 139.)

3. The motion for a judgment notwithstanding the verdict should have been sustained.

4. Instruction is erroneous because it fails to present to the jury the question as to whether the land in controversy was embraced in the deed from David Tutt to Nellie Lindsey, said Nellie Lindsey claiming title only through Tutt.

C. A. DENNY, SELDEN Y. TRIMBLE and TRIMBLE & MALLORY for appellee.

POINTS MADE AND AUTHORITIES CITED.

1. The verdict is sustained by the evidence.

2. The rule is, if the evidence is conflicting, the verdict of the jury is final.   (Carlin v. Baird, 11 Ky. Law Rep., 932; Hickman v. Southerland, 4 Bibb, 194.)

3. The judgment is amply certain, and fully adjudicates the question in dispute, but if not, the court could only remand it, with direction for the court below to make it more certain. (Foreman v. Redman, 9 Ky. Law Rep., 531.)

4. It was proper for the court to overrule appellant's motion for judgment, notwithstanding the verdict.   The proper way to reach this objection was by demurrer to the petition, and having filed no demurrer, they cannot now complain.

5. The instructions properly presented the questions involved. But, if not, it was not objected to, and no others were offered or refused, and no exceptions were taken.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellee, Mrs. Nellie E. Lindsay, who was the plaintiff below, brought this action to recover from G. N. T. Latham, defendant below, a tract of land described in her amended petition as follows: "Beginning at a stake near a branch, Bowman's corner. and running thence N 19½°· E. along the old Willoughby line; about 140 poles to a small hickory on the hill side, Willoughby's old corner; thence S. 24° E. 14 poles; thence S. 19½° W. 140 poles; thence N. 81° W. 14 poles to the beginning." She alleged that she was the owner and entitled to the possession of this tract of land, and asked judgment for its possession and damages for its wrongful detention. Upon a trial before a jury the following verdict was returned: "We, the jury, find for the plaintiff for the land in controversy. W. S. Willock, foreman." Upon the verdict this judgment was rendered: "Wherefore it is adjudged by the court that the plaintiff, Nellie E. Lindsay, is the owner and entitled to the possession of the land in controversy in this action, and that the said plaintiff, Nellie E. Lindsey, recover of the defendant, G. N. T. Latham, her costs herein expended, to which judgment of the court the defendant objects and excepts." A reversal of the judgment is asked, first, because the court erred in refusing to enter a judgment for the appellant notwithstanding the verdict; second, because the verdict is not sustained by the evidence; third, because the judgment is not sufficiently specific and certain; and, fourth, for error in

instruction number one.. Upon a former day the court struck from the record that part of it which purported to contain the instructions, so that we can not consider the alleged error in this respect.

In support of the proposition that the court erred in failing to enter a judgment for appellant notwithstanding the verdict, the argument is made that this motion should have been sustained because the pleadings of appellee did not present such a description of the land as would enable a correct issue to be made concerning same. We do not consider this point well taken. The description contained in the petition and heretofore set out was sufficient to enable the parties to form an issue as to the ownership of the land, and to permit the jury trying the case to understand the matter in controversy and to authorize the court to pronounce judgment upon the verdict. Nor are we prepared to say that the verdict is not sustained by the evidence. The evidence was conflicting, but that introduced by the plaintiff was sufficient to sustain the verdict.

The point made that the judgment is not sufficiently specific and certain presents a question of more difficulty. The rule is that in actions involving or for the recovery of real estate the judgment should so describe the land that it may be identified by the parties or the officer whose duty it may be to execute the judgment or by persons interested without reference to any other paper or record. This is especially true of judgments for the recovery or sale of land; but it does not follow from this that a judgment, although it may be erroneous, is void because it does not describe the land, so that it may be identified by an inspection of the judgment alone. If the description contained in the judgment in actions for the sale of

land can be perfected by reference to the pleadings, and it is made to appear that no injustice or injury resulted to any of the parties, we should say that the judgment, although erroneous because uncertain or indefinite, is not void, but may be corrected after notice upon motion of either party or any person interested by the court rendering it. Brumley v. Nichols-Sephard Co., 92 S. W. 548, 29 Ky. Law Rep. 139; Four Mile Land & Coal Co. v. Slusher, 107 Ky. 664, 55 S. W. 555, 21 Ky. Law Rep. 1427. And we see no good reason why this rule may not be applied to judgments for the recovery of land in actions in ejectment. To illustrate, the judgment in this case is manifestly insufficient. It contains no description whatever of the land in controversy. Looking at the judgment alone, it can not be ascertained what land was in controversy, or what land was recovered, or what land the plaintiff was adjudged entitled to the possession of. But, when we look to the pleadings and the verdict, there is no difficulty in ascertaining an accurate description of the land in controversy, or in determining that the jury by their verdict found that the plaintiff was the owner and entitled to the possession of the land described in the pleadings, and the lower court can readily enter a judgment that will accurately describe the land in controversy. So that, under these circumstances, it is not necessary that the judgment below should be reversed for the purpose of enabling the court to conform the judgment to the verdict and pleadings. The error of the court in this respect was in the nature of a clerical misprision—one that can be corrected by the record.

In behalf of appellant our attention is called to the cases of Meyer v. City of Covington, 103 Ky. 546, 45

S. W. 769, 20 Ky. Law Rep. 239, and Neff v. Covington Sand & Stone Co., 108 Ky. 457, 55 S. W. 697, 56 S. W. 723, 22 Ky. Law Rep. 139. In the former case, in an action to enforce a lien upon real property, the lower court "adjudged that the plaintiff has a lien therefor upon the real estate of the defendant, beginning at Pike street on the east side of York street, in this city, running thence north 296½ feet, more or less, the said property or enough thereof to satisfy said lien be sold, after advertising the sale in both modes mentioned in rule number 40 of this court. For services, the master is allowed $15.00 to be paid by plaintiff and taxed as costs." In holding this judgment insufficient, the court said: "It will be seen from the foregoing that the description of the property ordered to be sold is totally insufficient. The terms and place of sale are not in accordance with the provisions of the Code. There should be a sufficient description of real property ordered to be sold to enable the purchaser or bidders to know with reasonable certainty what property was being offered for sale, and the report of the commissioner should in like manner be sufficient, to the end that there should be no controversy after the sale as to what property was sold or purchased. Explicit directions should be given to the commissioner as to the time, terms, and place of sale, in order that all such sales should be made as required by law. The judgment should be explicit in regard to the property ordered to be sold, as well as the time, terms, and place of sale, so that the commissioner should not be required to look to any other paper for order or direction. If the commissioner should be allowed to look to anything other than the judgment, as his guide, he might innocently sell property not adjudged to be sold, or sell it upon

terms not authorized by law. In other words, the judgment should specifically direct the commissioner what to do, and not leave him to draw his conclusion from any other paper or from any other source of information.'' In the Neff case the judgment followed that in the Meyer case and was also reversed. But it will be observed that there were several defects in this judgment. It did not fix the time, terms, or place of sale, but left these essential matters to the discretion of the commissioner; and we apprehend that the reversal was due more to these errors than to the insufficiency in the description. In the case before us the only error complained of is the failure of the judgment to sufficiently describe the land. In Foreman v. Redman, 5 S. W. 556, 9 Ky. Law Rep. 531, which was an action involving the title to land, the judgment was held sufficient because the land recovered was not described, and for this reason it was reversed and remanded, with directions to the lower court to make the judgment more specific. But in that case a description of the land in controversy could not be ascertained by this court from the pleadings or record, and hence a reversal was necessary to enable the lower court to correct the judgment if it could do so. In the case at bar there is no difficulty in describing the land after an inspection of the pleadings and verdict, and no injustice will be done by correcting it by the record.

Wherefore the judgment of the lower court is affirmed, with directions to enter a judgment in favor of the plaintiff below awarding her the ownership and possession of the land in controversy, describing it in the judgment as it is described in the amended petition.