BUIE *v.* CLOY.

[90 South. 446. No. 22121.]

1. EJECTMENT. *Where defendant disclaims as to part of land, failure to adjudge it to plaintiff is not error, in the absence of request therefor.*
   When the defendant in an action of ejectment disclaims title to and possession of a part of the land sued for, the failure of the court to render a judgment for the plaintiff therefor cannot be assigned for error in the supreme court, when it does not appear from the record that the trial court was requested by the plaintiff to render such a judgment.

2. TRIAL. *Where evidence conflicts verdict should not be directed.*
   A verdict should not be directed, where the evidence is conflicting.

APPEAL from circuit court of Franklin county.
HON. R. L. CORBAN, Judge.
Action by Mrs. Audrey Buie against Mrs. M. A. Cloy in ejectment. From a judgment therein, the plaintiff appeals. Reversed and remanded.

*Theo. McKnight,* for appellant.

It was error to permit the appellee to amend her pleadings so as to disclaim both title and possession, to and of, the land in section 16, unless this ruling had been followed by a judgment in favor of appellant, based upon the undisputed evidence, and indeed, the admission of the appellee that she was in possession of the land sued for in section 16; but this the court refused to do by its rulings upon the peremptory instruction asked by both parties and by the judgment rendered in the case. Nobody got any judgment for the land in section 16. The court refused to submit to the jury any question except that of rents for the land in section 16. The court seemed to hold that the disclaimer of the appellee eliminated the land in section 16 itself, from the suit, and that it was unnecessary for the court to proceed to judgment as to the title thereto. Appellee disclaimed both ownership and possession of the land in section 16. Appellant thereupon became entitled to a judgment for the land, but had to show that appellee was in possession in order to recover rents. Appellant showed this so successfully, and even by appellee's own witness Byrd, that appellee confessed possession of said land, and thereupon appellant became entitled to a judgment for both the land in section 16 and the rents thereon, but the court refused to give her such judgment by confining same to the rents for the land in section 16. If appellant was entitled to a judgment for rents for the land in section 16, for the same reason she was entitled to recover the land, yet the court refused appellant a judgment for the land in section 16 with appellee admittedly in possession of said land in section 16 so, that appellant, at the end of a law suit brought to recover this land, finds herself without a judgment by which to get possession. The "witch" got the judgment for the land in section sixteen. If the court ever played tit-tat-too, it will catch the figure here. The court excluded the evidence of title offered by appellant to the land in section 16, upon the assump-

tion that appellant's title thereto was disputed by appellee, otherwise the exclusion of said evidence of title offered by appellant, to the land in section 16, upon the assumption that appellant's title thereto was undisputed by appellee, otherwise the exclusion of said evidence of title constituted error.

But, the disclaimer filed by appellee as to the land in section 16, was nothing more than a plea denying possession of said land, and was an admission of the title to the plaintiff to the land, and entitled her to judgment for the land, under the provisions of section 1821, Code 1906, and *Powell* v. *Watson,* 66 Miss. 176.

*Whittington & McGehee,* for appellee. ．

Appellant complains because no judgment was rendered as she claims for the land in section 16; we respectfully submit that appellant asked for none. The peremptory instruction asked by the appellee as to the land in section 15 was granted, but the cause was submitted to the jury upon the question of rents, for the land in section 16; thereupon, the amount of rent was agreed upon for this by the parties, the same was embodied in the judgment, and the costs were divided between the parties. It was not error, we respectfully submit, for appellee to disclaim ownership and possession of the land in section 16, and thereby yield the possession thereof to appellant, who now has it.

For these reasons we respectfully submit that the judgment of the lower court should be by this court affirmed.

SMITH, C. J., delivered the opinion of the court.

This is an action of ejectment, in which the appellant seeks to recover from the appellee certain land lying partly in section 15 and partly in section 16, township 6, range 4 east. The appellee pleaded not guilty, but at the trial was permitted to amend her plea, so as to disclaim both title and possession to the land in section 16. No judgment was

rendered for the plaintiff for the recovery of the land in section 16, but the cause proceeded to trial on the issues made by declaration and amended plea, and at the close of the evidence the jury were instructed to return a verdict for the appellee for the land in section 15, and for the appellant for the sum of fifty dollars rent for the land in section 16; it appearing from the evidence that the appellee was in possession thereof, and counsel having agreed on fifty dollars as rent due by her therefor.

The errors assigned are: First, the failure of the court below to render a judgment for the appellant for the recovery of the land in section 16; second, the granting of the instruction charging the jury to return a verdict for the appellee for the land in section 15.

The land in section 15 sought to be recovered by the appellant is described in her declaration as "that part of the Southwest quarter of section 15, township 6, range 4 east, west of the Homochitto river," followed by a more particular description by metes and bounds. The Homochitto river traverses section 15 in a southwesterly direction, and when the section was surveyed and platted by the government in 1806 it crossed the line between sections 15 and 16 about twenty-one chains north of the southern corner of the two sections. Since that time the river has gradually receded to the east, and now does not enter section 16 at all, but crosses the southern boundary of section 15 either at its southwest corner or a short distance east thereof.

The appellant offered in evidence a chain of deeds, beginning in 1852 and ending with one to James B. Harrington, executed in November, 1882, conveying a body of contiguous land, a part of which is described as "all that part of section 15, township 6, range 4 east, lying west of the Homochitto river," and a decree of the court below, rendered in November, 1899, in the case of *Audrey Buie, by next friend,* v. *Kate C Harrington,* confirming a report of commissioners dividing certain land into three parts, one of which was set apart to the appellant by the following description:

"That part of the Northwest quarter and that part of the Southwest quarter of section 15, township 6, range 4 east, west of the Homochitto river, and bounded on the north and east by a line beginning at the Northwest corner of section 15; thence east on section line between 10 and 15, nine chains to the public road, whence a pin oak, forty inches in diameter; thence South forty-five degrees West, with the road to a red oak marked XIII; thence South 42 feet East twenty-eight and seventy-five one-hundredths to the Homochitto river; thence down the meanderings of the river to the section line between 15 and 16; and that part of section 16, township 6, range 4 east, except the Southwest quarter of the Southwest quarter, bounded on the north by a pine, beginning at a point on the section line between 16 and 17, twenty chains south of the section corner of 16; thence south 45 degrees East forty-one and fifty-one hundredths chains to the public road; thence east with the beating of the road to the top of the hill known as Rocky Point, whence a red oak marked XIII; thence thirteen and fifty one-hundredths chains to the section line between 9 and 16; thence east on section line eight chains to the section corner of 9, 10, 15 and 16, and East half of the Northeast quarter, section 17, township 7, range 4 east; and East half of the Northwest quarter and that part of the Northeast quarter of section 21, township 6, range 4 east, west of the Homochitto river, containing six hundred eighty acres."

What connection this partition proceeding has with the deed to James B. Harrington does not clearly appear. The course of the Homochitto river through the Southwest quarter of section 15 in 1852 is not disclosed by the evidence, but its course in 1899, when the decree in the cause of *Buie* v. *Harrington* was rendered, is shown by the evidence to have been a short distance west of where it now runs.

The appellant then introduced evidence from which the jury would have been warranted in believing that she entered into possession of the land described in the decree immediately after its rendition, put in cultivation a portion,

and a fence around all of that here in controversy; that after she had been in the actual adverse occupancy thereof —that is, of the land west of the bed of the river as it was in 1899—for more than ten years she was dispossessed by the appellee, a short while before the beginning of this suit.

The appellant's possession of the land in controversy was contradicted by evidence for the appellee. The appellee offered and was permitted to introduce parol evidence to the effect that the reference in the report of the commissioners in the case of *Blue* v. *Harrington* to the Homochitto river was intended by them to refere to a former, and not to the present, bed of the river.

The appellee introduced a chain of deeds, beginning in 1873, through which she claims title to the land, and in which land on the west side of the Homochitto river in section 15 is attempted to be conveyed by the following description:

"Also a portion on the west side of the river in 15, caused to be on the west side by changing of the river."

Neither the appellee nor those under whom she claims have been in actual possession of any of the land in section 15 west of the river. Neither the chain of deeds through which the appellant claims title to the land nor that through which the appellee claims connects with that of the government, but their counsel agreed at the trial that title had been divested out of the government. It does not appear from the record that the appellant requested the court below to render a judgment for her for the recovery of the land in section 16; consequently she cannot complain that such judgment was not rendered, but, since the judgment of the court below must be reversed, because of the granting of the peremptory instruction to appellee, a recovery for this land can be awarded on the return of the cause to the court below.

Leaving out of view any right that either of the parties hereto may or may not have under the rules governing possession under color of title, the right to the possession of

the land in section 15 should have been submitted to the jury, because of the conflict in the evidence with reference to the appellant's actual adverse occupancy thereof.

*Reversed and remanded.*

Holden, J., took no part in the decision of this cause.