## CARMICHAEL *v.* J. CAHN CO.

(Division B. Nov. 21, 1938. Suggestion of Error Overruled Jan. 2, 1939.)

[184 So. 417. No. 33375.]

B. B. Carmichael, of Greenville, for appellant.

Edward J. Bogen, of Greenville, for appellee.

**Anderson, J.**, delivered the opinion of the court.

Appellee, a foreign corporation, brought ejectment in the County Court of Washington County against appellant for a lot in the City of Greenville, title to which was claimed by it. The trial resulted in a verdict and judgment for a part of the land sued for. From that judgment appellant appealed to the Circuit Court by authority of Section 704 of the Code of 1930. The Circuit Court, as a Court of Appeals, tried the cause on the record made in the County Court as provided in that section, and, finding no error, affirmed the judgment. From that judgment appellant prosecutes an appeal to this Court.

Appellee, in its declaration, described the property as "The East 55 feet of Lot 4 of Block 7 of the Third Addition to said City of Greenville." Appellant, in his plea to the declaration, claimed title to only 28 feet off the east side of the lot. Thereafter the trial was conducted and concluded on the basis that the land involved was that part described in appellant's plea. In other words, appellant disclaimed any title to any of the balance of it. The jury returned a verdict that appellee recover the land in controversy without describing it particularly. Upon that verdict the County Court entered a judgment for appellee in which the land is described as in appellant's plea.

Appellant contends that the judgment is erroneous because it was based upon a verdict which was in violation of Section 1466 of the Code of 1930 in that it failed to describe by metes and bounds the property for which the verdict was rendered. That section provides, among other things, that the question at the trial shall be whether the plaintiff is entitled to recover, and, if so, whether the whole or only a part of the premises involved, and, if a part, then which part, and if the jury shall find for the plaintiff as to part only, the verdict

shall particularly specify which part, and judgment shall be entered on such verdict.

Appellant's plea eliminated any controversy as to the premises involved. Thereafter it became an action alone for that part described in the plea. Section 1466 has no application to such a case. It applies alone to a case where the plaintiff contends to the last for certain described premises and recovers a smaller amount. Furthermore, appellant was not harmed by what was done in this respect and therefore had no right to complain if error was committed. Buie v. Cloy, 127 Miss. 719, 90 So. 446; Latham v. Lindsay, 130 Ky. 669, 113 S. W. 878.

The evidence was ample to justify the jury in returning a verdict for appellee for the whole premises described in the declaration. Appellee had a perfect paper title to all of the property, acquired through conveyance in 1908; and the evidence strongly showed that such title had been followed by continuous possession and acts of ownership since. Appellant's claim of title was based alone on adverse possession and the evidence supporting it was not strong. The argument, therefore, that the verdict is contrary to the evidence is without foundation.

After the cause reached the Circuit Court on appeal from the County Court, appellant for the first time presented a plea supported by proof that appellee was a foreign corporation and had not complied with the statutes of this state authorizing it to do business therein and giving it access to its Courts. The Circuit Court disallowed the plea. That action of the Court is assigned and argued as error. There is no merit in this contention. Under Section 704, Code of 1930, an appeal from a County Court to a Circuit Court is on the record made in the former alone. If prejudicial error be found on such record, the Circuit Court orders a trial de novo, otherwise the judgment of the County Court is affirmed. The Circuit Court, sitting as a Court of Appeals, can consider nothing except the record coming up from the

County Court. In that respect it occupies the same position that the Supreme Court does with reference to appeals to .it from the inferior Courts. By his plea, appellant sought to add to the record a matter that was not presented and considered by the County Court.

We find no prejudicial error in the trial.

Affirmed.