## Ballew v. Fowler et al.

Jan. 17, 1941.

J. A. Flowers and E. Bertram for appellant.

S. V. Brents and J. M. Kennedy for appellees.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Reversing.

In December, 1935, Porter Ballew brought an action against J. P. Fowler and H. N. Denny in which he sought to recover $200 for timber he alleged the defendants had wrongfully cut from certain lands owned by the plaintiff which were described by metes and bounds in the petition. The answer denied that the plaintiff was the owner of the land, or defendants had entered thereon and cut plaintiff's timber. By way of counterclaim, defendants sought to recover from Ballew $1,000 for timber they alleged he had wrongfully cut from lands owned by them which were described in their pleading by metes and bounds. Defendants further ask that Bal-

lew be enjoined from trespassing on their lands. By agreement, the affirmative matter in the answer and counterclaim was controverted of record and the parties proceeded to try title before the jury.

The verdict was in favor of the plaintiff for $100. After awarding Ballew that sum in damages for the timber cut, the judgment decreed he was the owner of the land he and his witnesses testified was included in his deed, which land the judgment described by metes and bounds taken from a survey introduced on the trial. One of the grounds in defendants' motion for a new trial was newly discovered evidence, but neither such evidence nor the names of the witnesses who would give it were set out. Another ground was that the verdict was too vague to sustain a judgment as to the location of plaintiff's land. The motion for a new trial was overruled at the term it was filed and defendants were given until the next term of the Clinton Circuit Court to tender their bill of exceptions.

On June 17, 1937, the defendants in the original proceeding, Fowler and Denny, filed the present action under Section 518 of the Civil Code of Practice seeking a new trial. Their petition alleges that through a misprision the judgment in the original suit awarded Ballew more land than his petition alleged he owned. By an amended petition they sought a new trial on the ground of newly discovered evidence relating to corners, which evidence they alleged was material and could not have been discovered through the exercise of due diligence before the original trial. In support of their amended petition, Fowler and Denny filed the affidavits of three witnesses containing the alleged newly discovered evidence. Ballew's answer traversed the petition, and upon proof heard the court adjudged Fowler and Denny a new trial, and Ballew prosecutes this appeal.

In the original action both parties introduced their title papers and surveys and maps made therefrom, and considerable testimony was heard by the jury as to the location of monuments and corners called for in the title papers and how the surveyors ran the lines in reaching same. Ballew proved his title back to a Conner patent, which called for a hickory tree as a corner. Fowler and Denny proved their title back to a Brown patent, which was junior to the Conner patent, and the Brown patent

also called for a hickory tree as a corner. One of the main contentions on the original trial was the location of this particular hickory tree. A surveyor and some of Ballew's witnesses located it at a point far inside of the boundary claimed by Fowler and Denny, and some 175 poles south of another hickory corner which Fowler and Denny and several of their witnesses testified was the true corner. Ballew's petition in the original action did not accurately describe the land he claimed, nor did the counterclaim of Fowler and Denny accurately describe the land they claimed. But the main controversy between the parties in the original action was the true location of their north-south boundary line.

As the judgment in the original action awarded Ballew some 125 acres more than his deed called for, it was contended by Fowler and Denny in their suit for a new trial that the judgment in the original action contained a clerical misprision. The judgment may be erroneous, but it contains no clerical misprision in awarding Ballew 125 acres more than his deed called for. A clerical misprision is defined in 11 C. J. 839, 14 C. J. S. 1203, as "a mistake or a fraud perpetrated by a clerk of court, which is susceptible of demonstration by the face of the record." In Combs v. Deaton, 199 Ky. 477, 251 S. W. 638, it was written that a clerical misprision can only be corrected from data appearing otherwise in the record and not from the memory of the judge or clerk, nor upon parole testimony. Here, there was no error on the face of the record and any error that might have been committed must be attributed to improper exercise of judicial discretion. The instant case is clearly distinguishable from Jewell v. Cecil, 177 Ky. 822, 198 S. W. 199, where plaintiff was given judgment for more money than his pleadings asked, although the proof justified the larger sum, which error was held to be a clerical misprision. In the case at bar, Ballew was not seeking to recover any specific land, but to have the north-south boundary established between his lands and those of Fowler and Denny. The jury established that line when it found $100 in favor of plaintiff for timber wrongfully cut from Ballew's land by Fowler and Denny. And it was no clerical misprision when the court adjudged Ballew's land extended to this line.

However, if the judgment had contained a clerical misprision, such misprision could not be complained of

on this appeal as there was no motion entered in the lower court to correct same. Jewell v. Cecil, 177 Ky. 822, 198 S. W. 199; Smith v. Patterson, 213 Ky. 142, 280 S. W. 930. The Patterson case points out that a petition to vacate a judgment under Section 518 for a clerical misprision is defective if it fails to show that a motion was made under Section 516 to correct same. In Combs v. Allen, 208 Ky. 519, 271 S. W. 598, it was written that a litigant having a complete remedy by appeal cannot sue under Section 518 to set aside a judgment for an error apparent on the record. Fowler and Denny rely upon First State Bank v. Thacker's Adm'x, 215 Ky. 186, 284 S. W. 1020; Soper v. Foster, 244 Ky. 658, 51 S. W. (2d) 927; Fugate v. Fugate, 259 Ky. 18, 81 S. W. (2d) 889; and Green v. Blankenship, 263 Ky. 29, 91 S. W. (2d) 996, as holding a petition filed under Section 518 will be considered as a motion to correct the judgment. But an examination of these authorities shows that in each case the judgment was void, therefore the court considered the petition filed under Section 518 as a motion made under Section 763 to set aside a void judgment. In the case at bar it is not even contended that the judgment was void, hence the authorities cited have no application.

The amended petition filed by Fowler and Denny seeking a new trial on the ground of newly discovered evidence fully meets the five requirements enumerated for such a pleading in Holliday v. Tennis Coal Co., 264 Ky. 371, 94 S. W. (2d) 657, and the court properly overruled Ballow's demurrer to the petition as amended. But the proof adduced by the plaintiffs upon the hearing of their petition fails to show any new evidence material to the issue. The evidence introduced in support of the petition for a new trial was merely a rehashing of the same evidence heard on the original trial, and differs from it in no material aspect. A reading of the trial court's opinion granting a new trial shows that he based same not upon newly discovered evidence, but upon the ground that the judgment contained a clerical misprision. The remedy of Fowler and Denny was by appeal from the judgment in the original action rather than by filing a petition for a new trial under Section 518.

The judgment is reversed for proceedings consistent with this opinion.