### Ballew v. Denny et al.

Jan. 14, 1944.

J. A. Flowers and E. Bertram for appellant.

Duncan & Duncan for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

In 1935 the appellant, Porter V. Ballew, filed an action in the Clinton Circuit Court against the instant appellees to recover $200 damages for the value of timber which he alleged they had cut from his land in trespassing upon it. Defendants answered denying the allegations of the petition, and counterclaimed against plaintiff in which they charged that he had trespassed upon their land (the tracts of the two parties litigant adjoining) and had removed therefrom timber of the value of $1,000. The counterclaim was denied thus forming the issues.

A large amount of testimony was heard in which muniments of title were introduced and all of the relevant issues gone into by the proof. On submission to the jury it returned a verdict in favor of plaintiff in that case (the instant appellant) for the sum of $100 upon which judgment was rendered followed by an adjudged description of the boundary of the tract of land owned by plaintiff in that case, in which order and judgment the tract of land so adjudged to belong to plaintiff therein was described by metes and bounds. But as so described it contained something more than 100 acres in excess of that described in Ballew's title papers. No appeal was prosecuted from that judgment although a motion for a new trial was made by defendants therein, but which the court overruled and granted an appeal, which was not prosecuted. Later they filed a petition for a new trial under section 518 of the Civil Code of Practice on the grounds of newly discovered evidence, and a misprision in description of the land contained in the judgment. At the trial of that case the circuit court sustained the motion and granted the new trial, but which was reversed on appeal to this court in an opinion reported in Ballew v. Fowler 285 Ky. 149, 147 S. W. (2d) 65.

It will be seen from that opinion that we held the alleged newly discovered testimony insufficient, and that

to constitute a misprision the defect must appear on the face of the record; also that the proper method to correct a misprision, if one, is by motion duly made in the trial court, which was not done. Therefore, the status of the case after our opinion in the case seeking a new trial became final, continued as it existed at the time of the overruling of the motion for a new trial with the court's judgment describing the tract of land belonging to Ballew, intact. Later this action was filed in the same court by defendants in the original action against plaintiff therein in which they alleged that to follow the courses and distances contained in the judgment description of the tract of land as belonging to Ballew the survey would not close without the aid of an additionally inserted call, and which existed because of error in the second call in the description, and one in its tenth call, there being fifteen calls in the description. Plaintiffs therefore prayed in this (the instant) action that a surveyor be appointed to lay off on the ground the description contained in the original judgment according to the fifteen calls therein, following approved rules for that purpose. Defendant, and appellant, demurred to the petition which the court overruled and appointed the county surveyor of Clinton County to take the judgment and go upon the ground and apply it to the area which the court had adjudged as owned and belonging to Ballew. He also appointed, on motion of Ballew, another surveyor under the same instructions and duties, but the latter does not appear to have undertaken performance by actually surveying the description in the judgment or, if he did, he made no report, nor was he offered as a witness or in any manner testified in the instant case.

The county surveyor appointed by the court made the survey covering several days and reported to the court accompanied with a plat of the land made by him in applying the description in the judgment to the land described therein as ascertained by universally applied rules in arriving at the proper result, i. e. subordinating courses and distances to natural objects or judicially established corners. Defendant's counsel filed exceptions to the report which were controverted of record and a trial thereof was had upon which plaintiffs, and appellees, introduced the surveyor and one or two other witnesses; but no testimony was adduced by defendant, the appellant here. The exceptions were overruled and

the report was confirmed, from which order this appeal is prosecuted.

The second call in the judicial description reads: "thence N. 12 E. 82 poles to a poplar." Everyone concedes that it was erroneous in describing the course as "N. 12 E." instead of the correct one, "S. 12 E." So that no further reference to that call need be made. The tenth call in the adjudged description read: "thence N. 74 W. 256 poles to a stone on the east side of a branch, Kelsey's Corner" and which is largely, if not entirely, the dividing line between appellant and appellees as adjoining owners. The surveyor ran to the end of the ninth call contained in the judgment, as well as each line from the starting point to the end of that line. He then found that to reach the end of the tenth call (Kelsey's corner)—which was well established and judicially determined in the judgment—the course from the end of the ninth call to Kelsey's corner was "N. 65 W." instead of "N. 74 W." as contained in the judgment and that the distance was 230 poles instead of 256 poles as was also contained in the judgment.

It has often been declared by this and other courts that courses and distances in a call surrender to natural objects as corners, or to judicially determined corners in litigation between the same parties or their privies and that all calls are to be made straight between corners, unless a different intention appears from the description in the muniments of title. Therefore, when the surveyor appointed by the court in this action found that the tenth call running straight from the end of the ninth one to the next corner was only 230 poles and that the course was "N. 65 W." instead of 256 poles with the course of "N. 74 W.," he was but following the universal rule for the placing of the description in the muniment of title upon the ground, and which rule applies to descriptions in judgments the same as descriptions in other muniments of title, as will be seen from the text in 30 Am. Jur. 835, sec. 33, saying: "in the interpretation of judgments containing a description of land intended to be covered by it, resort may be had to the usual rules for the construction of descriptions of land." Supporting cases are cited in note 14 to that text. Furthermore, on the preceding page, 834, of the same volume, section 31, it is stated that: "The mere interpretation of a judgment involves no challenge of its

validity." The text then proceeds to consider and discuss the right of amendments to judgments. not involving a relitigation of facts determined by the judgment, but as only affecting its enforcement or application to the subject matter adjudicated. When the latter classes of amendments may be made without relitigating former issues, and in conformity with established principles and rules for interpreting and applying descriptions of involved lands, no attack upon the judgment is made, either collaterally or directly, as is further pointed out in section 33, page 835 of the volume supra, wherein it is said: "Evidence may be received to show the signification of a name used in a judgment to designate land covered by it, or to show that any other descriptive words, although apparently meaningless or uncertain, do in fact designate a particular tract in such manner that its identity would be apparent to persons to whom it is familiar."

However, learned counsel for appellant vigorously and, we might add, vehemently argues that to sustain the judgment appealed from would violate all the law with reference to the doctrine of res adjudicata and as relating to attacks upon judgments whether void or merely voidable. If the instant proceeding involved an attack upon the original judgment rendered by the Clinton Circuit Court wherein the described tract of land was adjudged to appellant, Ballew, then counsel would be correct in the argument he advances to obtain a reversal of the judgment. But a calm and dispassionate survey of the facts, as we have endeavored to make, clearly show, as we conclude, that the proceeding invoked by appellees constituted no attack whatever, of any character whatever, on the judgment rendered in favor of appellant in the original proceedings between the same litigants. On the contrary, we can discover nothing more than an effort by the instant appellees to have the court rendering the judgment enforce it by applying the determinations made to the subject matter of the litigation, which is the tract of land that the court described and adjudged to belong to Ballew. But in describing the tenth call a needless mistake was made of its course and distance between the two corners traversed by that line, and which under the rules for the interpretation of descriptions of land, though contained in judgments (as we have seen), as well as those contained in other muniments of title, such errors must surrender to the estab-

lished corners, especially when judicially determined, and which rule was followed by the surveyor in this case.

It is said, however, in brief of counsel for appellant that the surveyor did not actually survey the tenth call; but in this counsel is evidently mistaken, since the officer in giving his testimony on the trial of the exceptions to his report positively stated that he surveyed every line in the fifteen calls contained in the judgment, although he said the terrain traversed by the tenth call was exceedingly rough.

Analogous cases from this court to the question involved here are Blalock v. Darnell, 191 Ky. 258, 229 S. W. 1039, and Latham v. Lindsay, 130 Ky. 669, 113 S. W. 878. Those opinions holding that judgments in ejectment actions should describe the land sufficiently to enable the parties, or a surveyor, to locate it on the ground. The judgment in this case described the land adjudged to Ballew, but by inadvertence, or oversight, misdescribed the course and distance of the second and tenth calls, the first of which is admitted. Since therefore no objection is made to the surveyor's report in changing the course of the second call that error is apparently conceded. That being true, we can see no justifiable foundation for the attack made on the same character of alterations in the tenth call which was made necessary to conform to the rules, supra, for fitting the location, or descriptions of land to the surface. It also appeared that Ballew under the survey and plat made by the county surveyor is still given some twenty-five or more acres than his muniments of title calls for.

For the reasons stated and without further elaborations, we conclude that the court properly entertained the motion for the appointment of the surveyor to locate appellant's land in conformity with the judgment, and that the appointed officer properly performed that duty.

Wherefore, the judgment is affirmed.