## Butler v. Louisville & Jefferson County Board Of Zoning Adjustment And Appeals et al.

October 7, 1949.

As Modified on Denial of Rehearing December 6, 1949.

Henry. J. Burt, Jr. for appellant.
Lawrence G. Duncan for appellees.

STANLEY, COMMISSIONER—Reversing.

The appellant, James J. Butler, Jr., owns a lot in St. Matthews upon which are three buildings that have been used for the fabrication of sheet metal and the storage of bottled gas from a period antedating the Jefferson County zoning laws. The smallest building used in the business is an old dwelling house. The

owner made an application for a permit to demolish this old residence and "construct a larger and more suitable building for carrying on the present business" as a "contractor's office and storage room." It is recited that the proposed occupancy and use would be the same as at present. The permit was denied by the zoning authorities on three grounds, namely, (1) the proposed building would be an addition to a nonconforming use, (2) such additions are not permitted under KRS 100.068 or by zoning regulations, and (3) an approval would be "contrary to the intent and purpose of the zoning regulations."

Butler appealed to the circuit court. The court sustained a special demurrer to that part of his pleading which charged that the rezoning of the area, made February 7, 1947, from classification "E-1, Light Industrial" to "D-2, Heavy Commercial" was invalid upon a number of grounds. The ruling is based upon the fact that KRS 100.057 prescribes that an appeal from such an order must be filed within thirty days. There is no copy of the order or zoning regulations in the record. We cannot take judicial knowledge of either. We decide the case on the statutes as the admitted allegations of reasons for the denial of the property owner's application for a building permit.

The action of the board is challenged, in substance and effect, on the grounds that there was: (1) a violation of the owner's constitutional rights; (2) improper administrative procedure; and (3) the absence of power to deny the permit under the present statute. The court sustained a general demurrer to this paragraph of the statement of appeal, and the appellant suffered its dismissal. We think the third ground presented a cause of action.

The applicable provisions of the present statute are as follows:

"The lawful use of land for trade, industry or residence, existing at the time of adoption of any zoning regulation or restriction, or at the time of the adjustment or revision thereof, or amendment thereto, although such use does not conform to the provisions of such new regulations or restrictions, may be continued." KRS 100.068.

"The use of a building or structure existing at the time of the adoption of any zoning regulation or restriction, or at the time of any adjustment or revision thereof or amendment thereto, although such use does not conform to the provisions of such new regulations or restrictions, may be continued, and a nonconforming use of a building or structure may be changed to another nonconforming use of the same or more restricted classification." KRS 100.069.

These sections were enacted at the 1948 session of the General Assembly as amendments of the existing provisions. Chapter 104, Session Acts. KRS 100.068 formerly carried an exception to the effect that if such nonconforming use be discontinued for a period of one year the right was lost and future use of the land should be in accordance with the zoning regulations. KRS 100.069 formerly carried a proviso to the effect that no structural alterations or additions could be made except as might be required by some law or ordinance to the then zoning regulations and restrictions. This was construed in several cases, among which are A. L. Carrithers & Son v. City of Louisville, 250 Ky. 462, 63 S. W. 2d 493; Selligman v. Von Allmen Bros., 297 Ky. 121, 179 S. W. 2d 207; Goodrich v. Selligman, 298 Ky. 863, 183 S. W. 2d 625. These exceptions and provisos were stricken out by the legislature in 1948. We cannot follow the appellee's reasoning that the effect was to make the law more restrictive by not permitting any structural alterations or additions to property not conforming to current zoning ordinances and regulations. Though the effect of these amendments is to weaken the law and remove it from accord with the general concept of a gradual complete conformity, the legislature has ordered it. That this was the intent is confirmed by the repeal of section 100.071, which provided for the eventual termination of all nonconforming uses. As amended the two sections stand without any exception or qualification. It is noted that KRS 100.068 permits the continued "use of land" though that use may be nonconforming. KRS 100.069 permits the continued nonconforming "use of a building or structure." The allegations in the present case bring it within the terms of KRS 100.068, and there is nothing in KRS 100.069 that prevents the structural alteration or recon-

struction of a building when it will be used for the same purposes.

It follows that the ground of nonconformity, upon which the zoning authorities denied the permit, cannot be sustained and that there is sufficient statement of a cause of action in this particular.

The judgment is therefore reversed.