**DURNING et al. v. SUMMERFIELD et al.**

Court of Appeals of Kentucky.

Jan. 9, 1951.

Simeon Jacobs, C. Maxwell Brown, Louisville, for appellants.

Lawrence G. Duncan, Samuel Steinfeld, Louisville, for appellees.

HELM, Justice.

Appellants, R. Lee Durning and Elizabeth Durning, his wife, are owners of a tract of land, approximately 17 acres, having a frontage of 388 feet on the Shelbyville Road, U. S. Highway 60, in Jefferson County. Appellant Louis A. Rice is the General Manager of, and appellant David Endey is the owner of Endey Bros. Shows. From a judgment permanently enjoining them "from using the land mentioned in the petition or any part of it for a carnival or any of the uses pertaining to a carnival, including erecting show tents thereon, parking trucks and automobiles thereon, using kitchens, mess tents and community or sleeping quarters thereon" appellants appeal.

Appellants maintain: (1) The court erred in overruling special demurrers; (2) the court erred in overruling a general demurrer, and (3) KRS 100.068 permits the continued "use of land", though that use may be nonconforming.

Title to this tract was acquired by Durning in 1939. The tract was zoned as "A" one-family residential property by the Louisville and Jefferson County Planning and Zoning Commission in 1943. It was not zoned for carnival or show purposes. Endey Bros. Shows, usually referred to

in the evidence as a carnival, consists of some 30 attractions. This "institution" employs 281 people. It has "barkers," loud speakers and amplifiers. The show travels on a railroad train of 80 cars.

The Durning tract has been used chiefly for agricultural purposes. It does not have water or sanitary facilities for carnival purposes. A neighbor describes the entrance of the show upon the tract in the early morning of June 5, 1949, as follows: "At 2:00 o'clock I was awakened by a lot of lights flashing around, a lot of caterpillars, the noise from caterpillars, air compressors, sounded like air compressors, generators. men serving orders, driving stakes, just a general commotion. So I then got up and looked out the window to see what was going on. The whole field next to my apartment was covered with trucks, trailers, automobiles, men moving about and just a general confusion, * * *. That continued from 2:00 o'clock to about 6:00 o'clock in the morning."

Other activities included the arrival of circus trailers, the hammering together of the frame structure for the erection of a mess tent and the erection of a pistol range. The carnival is described as a very large affair, the tract in question being "very full of equipment."

No permit for the use of the premises for carnival purposes was obtained from the Louisville and Jefferson County Planning and Zoning Commission. About 11 a. m., June 5, 1949, William C. Beatty, zoning enforcement officer for the Zoning Commission, went upon the premises, found that appellant Louis A. Rice was general manager and in charge of the work being done. Beatty served Rice with a "stop work order" because no permit had been obtained. Rice declared his intention to disregard this order. Appellees thereupon filed this action in equity setting out the ownership of the tract in question; that it had been zoned on May 10, 1943, and classified in the "A" one-family residence district in unincorporated territory of Jefferson County; that Louis A. Rice is the general manager of Endey Bros. Shows; that the show or

carnival was moved on the property without obtaining a permit as required by KRS 100.075; that the carnival with its attractions is a commercial enterprise not permitted in "A" one-family residential districts; the refusal of Rice to obey the "stop work order" and seeking a temporary and permanent injunction.

Appellants maintain that their special demurrer should have been sustained because this action was not brought by the real party in interest. This action was prosecuted in the name of the Louisville and Jefferson County Planning and Zoning Commission, and Jefferson County, by and on relation of Samuel Steinfeld, County Attorney, and Samuel Steinfeld, County Attorney. These parties were primarily interested in the enforcement of the zoning regulations mutually established by them. Clearly they were proper parties. KRS 100.980.

Appellants demurred to the petition because it did not name Endey Bros. Shows or its owner as defendant, but named Rice only. It is admitted that Rice was the general manager in charge of operation of the carnival, and that David Endey, the owner, was in Florida. The special demurrer was properly overruled. Conner v. Parsley, 192 Ky. 827, 234 S.W. 972, 43 C. J.S., Injunctions, § 34, page 467.

Appellants demurred specially to the petition because the City of Richlawn, a municipal corporation of the sixth class, adjoining the premises in question, was not made a party defendant. Appellants rely on KRS 100.097. KRS 100.031 and 100.096 provide for planning and zoning commissions for cities and counties. KRS 100.097 provides what shall be done if a county fails to create a planning and zoning commission. But here the City of Louisville and Jefferson County have a joint planning and zoning commission and the premises in question have been zoned. The land in question is not embraced in the City of Richlawn. It was not a proper or necessary party. The demurrer was properly overruled.

Appellants maintain that their general demurrer should have been sustained "because at that time" KRS 100.068, respecting "Nonconforming uses of land, continuance of" was in full force and effect. KRS 100.068 provides: "The lawful use of land for trade, industry or residence, existing at the time of adoption of any zoning regulation or restriction, or at the time of the adjustment or revision thereof, or amendment thereto, although such use does not conform to the provisions of such new regulations or restrictions, may be continued."

The record shows that the premises were used by a small carnival one week in 1941; by a small carnival one week in 1942, and three days for a potato festival with a small carnival in 1947. At the time the show was moved on the tract, Durning had owned the premises some 10 years—about 520 weeks. During the 10 years it was used less than one-half of one percent of the time for carnival purposes. Appellants cite Landay v. MacWilliams, 173 Md. 460, 196 A. 293, 114 A.L.R. 984. There the property was used as a junk shop for some six years. That case turns on abandonment and is not in point here.

"Use," in this statute, means what is customarily or habitually done or the subject of a common practice. Under the evidence it cannot be said that the premises were usually or customarily used for carnival purposes. At the time "of the adoption of the zoning regulation in 1943, the premises were being used for agricultural purposes." Butler v. Louisville & Jefferson County Board of Zoning Adjustment and Appeals, 311 Ky. 663, 224 S.W.2d 658, cited by appellants, permit a nonconforming use "existing at the time * * * of * * * zoning" to be continued. The record fails to establish a nonconforming use of the land in question for carnival purposes.

We are constrained to hold that the Chancellor reached the correct conclusion. We do not reach the question as to whether or not the acts of appellees constituted a nuisance.

The judgment is affirmed.