**Edna O. SILLIMAN et al., Appellants,**

v.

**FALLS CITY STONE COMPANY, a Corporation, et al., Appellees.**

Court of Appeals of Kentucky.

Sept. 20, 1957.

J. W. Jones, Louisville, for appellants.

B. L. Shamburger and Frank J. Dougherty, Jr., Louisville, for appellees.

STANLEY, Commissioner.

The judgment denies the appellants, Edna O. Silliman and others, an injunction against the appellees, Falls City Stone Company and R. B. Tyler Company, from continuing to use certain property under lease for concrete and asphalt mixing plants in violation, as alleged, of a zoning regulation. The owner of the tract and lessor, Clara E. Waterbury, was a defendant below but is not a party to the appeal. The case involves the construction of a judgment pleaded as res judicata and the application of laches.

When the system of zoning Jefferson County was adopted, the Waterbury tract of 142 acres was placed in a residential district. But in a judicial proceeding it was adjudged that its previous and existing use as a rock quarry could be continued as a nonconforming use under the provisions of KRS 100.068. In its applicable part the judgment reads:

"* * * it is further adjudged that the plaintiff was vested with the right, acquired before the zoning jurisdiction over said property vested in the Louis-

ville and Jefferson County Planning & Zoning Commission, to operate a commercial rock quarry upon said property; that she has the continuing right to operate a commercial rock quarry upon said property and to do all things incidental to said usage, including the use of power-driven equipment, of blasting materials, and the construction and use of such other equipment as is incidental and customary in the operation of a rock quarry * * *."

Shortly after that judgment was rendered, under lease from Mrs. Waterbury, the appellees erected facilities at the rock quarry for mixing crushed stone with cement and asphalt respectively. It is to enjoin those operations that the present suit is being prosecuted.

An issue was raised as to whether these mixing plants were within the scope of the judgment which authorized "the construction and use of such other equipment as is incidental and customary in the operation of a rock quarry." The Commissioner of the court to whom the case was referred received considerable evidence on this issue and reported his finding that the operations were not within the scope of the judgment but that the plaintiffs were estopped by laches to challenge the use. The chancellor upon review concluded that under a liberal interpretation of the nonconforming use statute, KRS 100.068, and the zoning regulations, the operation of such plants in connection with rock quarries is customary and should be regarded as incidental to this quarry in the sense that they are collateral or accessory to the main operation, hence, that the prior judgment was res judicata. While the court deemed it unnecessary to decide the question of laches, he commented upon that phase of the case and agreed with the Commissioner's finding in respect thereto.

■ For a technical cause, the transcript of evidence filed in this court has been stricken. We are, therefore, confined to a consideration of whether the pleadings sup-

port the judgment, the presumption being that the evidence sustains the finding of fact and justifies the conclusion reached.

The appellants argue that the courts may not extend the prior judgment to cover a new and different nonconforming use, commenced after the zoning of the tract, in violation of the statute and the zoning regulation. More particularly, they contend that the rule of ejusdem generis should be applied in construing the judgment and that such application must compel the court to say that the terms of the judgment relate only to equipment, blasting, etc. used strictly in connection with the quarrying of rock and as an integral part thereof.

■ The rule of ejusdem generis is, of course, but a rule of construction to aid in ascertaining and giving effect to the intent of a general and indefinite statement in a document. The judgment being construed does not use general terms following specific terms. It is definite in adjudging that the property owner had the right to use "such other equipment as is incidental and customary in the operation of a rock quarry." The language is substantially that of this court in Durning v. Summerfield, 314 Ky. 318, 235 S.W.2d 761, 763, in construing KRS 100.068 as to the meaning of the word "use" as being "what is customarily or habitually done or the subject of a common practice." In this connection the trial court took notice of Butler v. Louisville and Jefferson County Board of Zoning Adjustment and Appeals, 311 Ky. 663, 224 S.W.2d 658, in which it is pointed out that the effect of the 1948 amendments to the statutes relating to previous nonconforming use was to make zoning regulations less rather than more restrictive. It was competent for the court to receive evidence as to whether the mixing plants came within the scope of the judgment. Cf. Ballew v. Denny, 296 Ky. 368, 177 S.W.2d 152, 150 A.L.R. 770. As stated above, we assume the evidence sustains the decision that they do.

■ In the Commissioner's report and the chancellor's comment on the issue of laches

they found from the evidence that the plaintiffs lived in the proximity of the operations, saw the plants being erected at a cost of over $400,000 and did nothing about it. There is a pleading in the case of a restraining order of the court entered in June, 1954, enjoining the Zoning Commission from interfering with the operation of the plants being installed at that time, which order has never been set aside. These neighboring parties knew or could have known of this.

The appellants argue that the issue in the case is a legal one, namely, whether the operations are conducted in violation of law; and, therefore, the equitable principle of laches does not apply. We need not debate the technical question. We point out that the erection and operation of the facilities were under the exemption or permissive nonconforming section of the statute and the judgment as the parties interpreted it rather than under any risk of violating the restrictive sections of the law. If the appellants, neighboring property owners, regarded the development as not within the scope of the judgment, it was their duty to take affirmative action and not stand by and let the large expenditures be made without asserting their claimed legal right. We think the conclusion of the court on this point is also correct.

Wherefore, the judgment is affirmed.