**Jeff PRICE et al., Appellants,**

v.

**Otie FARRA et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 25, 1957.

original judgment with the statement that before it had been rendered all the title papers had been considered and that the court "does not think it wise, appropriate or prudent to open the case for the introduction of further or additional evidence." However, this new judgment states that the court would do so when this court should advise him what kind of additional evidence it desires. It seems to us that our former opinion is clear and specific enough. It was for the trial court to determine what evidence he would need to clarify the ambiguity, which apparently he thinks does not exist. As stated in our former opinion, the original judgment described *two* lines between the same points. The surveyor had been given the judgment with directions to locate the lines. He did locate one of the two lines described in the judgment. The Prices contended the other line was the correct one. Again we say the trial court should determine from the deeds and any other appropriate evidence which of the two lines described in his judgment was and is the proper line. When this is done, the surveyor may locate it on the ground.

This proceeding is not strictly to amend or modify the original judgment. It is an ancillary proceeding to perfect that judgment in order that it may be enforced or made effective by locating and establishing the boundary line where the court adjudges it to be. This is a proper practice either for the trial court originally or upon remand by the appellate court with directions to cure a judgment of ambiguity by definitely describing the boundary lines declared in the judgment. Latham v. Lindsay, 130 Ky. 669, 113 S.W. 878; Ballew v. Denny, 296 Ky. 368, 177 S.W.2d 152, 150 A.L.R. 770; 49 C.J.S. Judgments § 249.

The judgment is again reversed with directions to the trial court to redocket the case for appropriate proceedings in conformity with our previous opinion and directions.

Judgment reversed.

MONTGOMERY, J., dissenting.

J. W. Craft, Jr., Craft & Stanfill, Hazard, for appellant.

Don A. Ward, Hazard, for appellee.

MOREMEN, Chief Justice.

In Price v. Wells, Ky., 290 S.W.2d 612, upon a petition for mandamus against the Judge of the Perry Circuit Court, this court directed that a case in which judgment had been entered purporting to fix the location of a dividing line between lands be redocketed for appropriate proceedings to clear up an ambiguity in the judgment and to describe definitely the line in controversy. To accomplish that we directed that the title papers should be considered and any other evidence tending to clarify the ambiguity should be received.

A few days after our mandate was filed, the circuit court re-entered the