**COVINGTON BOARD OF ADJUSTMENT,**
Appellant,

v.

**REMKE'S MARKET, INC., and Kenton County and Municipal Planning and Zoning Commission, Appellees.**

Court of Appeals of Kentucky.

Feb. 28, 1986.

Stephen T. McMurtry, Covington, for appellant.

John R. Elfers, Covington, for Remke's Market.

E. Gofton Ware, Florence, for Kenton County and Municipal Planning and Zoning Commission.

Before HOWERTON, McDONALD and REYNOLDS, JJ.

HOWERTON, Judge.

The Covington Board of Adjustment appeals from a judgment of the Kenton Circuit Court reversing the board's decision denying Remke's Market's request to construct an additional driveway and parking spaces on newly-acquired property. The board denied the permit after determining that the new parking facility constituted an illegal expansion of a nonconforming use. The trial court determined just the opposite and held that there was no change in the use of Remke's building and that the additional parking would not be an expansion of a nonconforming use, since there was no structural change contemplated. We disagree and reverse the trial court.

Remke's Market is located in an area zoned R–1G (single-family dwelling). The market is a nonconforming use in that zone. Remke purchased two adjoining parcels and obtained a demolition permit from the city to raze the structures on the lots. Its application to install a parking lot and driveway on the adjoining property was denied by the zoning administrator, and the denial was upheld by the Board of Adjustment. The trial court reversed, and this appeal followed.

The board first argues that the use of the two residential lots as a parking lot for the market is not permitted under the zoning code. The residences which were demolished were conforming uses, and Remke's Market now seeks to use these properties for its commercial operation. The Covington Zoning Code permits single-family dwellings in an R–1G zone and it conditionally permits other structures upon

application and approval by the Board of Adjustment. *Covington Zoning Code,* § 158.070. However, what is conditionally permitted does not include the installation of business parking lots by themselves.

■ The extension of a nonconforming use into or upon property which was not in violation of the zoning ordinance is not allowed in most instances. 82 Am.Jur.2d *Zoning and Planning,* § 198 at 716 (1976). However, Remke's Market argues that in *Butler v. Louisville & Jefferson County Board of Zoning Adjustment and Appeals,* 311 Ky. 663, 224 S.W.2d 658 (1949), the court decided that where land is being used in violation of a zoning ordinance at the time the ordinance is adopted, such use may be continued and a larger building constructed in which to carry on the nonconforming use. Such is not the situation before us, however. Remke is not developing his parking lot on the lot which has heretofore been nonconforming. He seeks to expand the business into areas which have heretofore been in conformance with the zoning code and map. The board's decision to deny the permit complied with the law, and it cannot be said to be arbitrary and capricious. Our limited scope of review requires us to uphold the board's decision.

■ Remke's Market next argues that the City of Covington and the Covington Board of Adjustment should be estopped from objecting to the expanded use, because the city issued demolition permits for Remke to raze the buildings on the properties in question. We find no merit in this argument. Remke desired to raze the buildings, which was his decision and his privilege to do. The only concern the city or the Board of Adjustment would have would be with the future use Remke placed on the property. There would be no prohibition to establishing new single-family residences. Furthermore, the minutes of the Board of Adjustment meeting and hearing on October 17, 1984, indicate that the board members did not know of Remke's intention to construct a parking lot when the demolition permits were issued. We know

of absolutely no reason why the Board of Adjustment should be estopped from denying the permits for the expanded parking.

The judgment of the Kenton Circuit Court is reversed.

All concur.